## SAMUEL ALFORD JR. *v.* CHESTER BAXTER.

*Discharge of one of several co-obligors.*

The statute of 1855, No. 18, Gen. Stat. p. 273, §§ 80, 81, 82, providing for the discharge of one or more of several joint obligors or promisors without impairing the right to recover the residue of the debt against the others, is construed to apply to joint sureties as among themselves, as well as to principals.

ASSUMPSIT on a promissory note. Plea, the general issue and notice. Trial by court, by consent of parties, December Term, 1862, BARRETT, J., presiding.

The plaintiff read the note declared on without objection, signed by Isaac Green as principal, and Geo. B. Green, Jo. D. Hatch and Chester Baxter as sureties, and indorsed to the plain-

Alford *v.* Baxter.

tiff by the payee Albert Brown, guardian, without recourse; and rested.

The defendant read without objection a discharge from Brown the payee, to Hatch, and proved that it had been duly executed and delivered. It was conceded that Brown at the time of the execution and delivery of this discharge was the holder of the note. The plaintiff then read in evidence an instrument appended to the discharge in the following words :

" Having examined the foregoing contract, I hereby consent and ratify the same and hereby bind myself to discharge said Hatch from all liabilities the said Hatch may be under to me as a co-endorser as fully as the said Brown has discharged said Hatch.

In witness whereof I hereunto set my hand and seal this 6th day of August, A. D. 1861.

   (Signed,)   CHESTER BAXTER. [L. s.]

In presence of Hiram Harlow."

The defendant contended that the discharge was effectual to discharge the whole debt and that the defendant was entitled to recover his costs.

The plaintiff insisted that the note was not so discharged, and that the plaintiff was entitled to judgment.

The court rendered judgment for the plaintiff to recover the balance of the note which was not paid by Hatch, being two thirds of the note with the interest thereon. Exceptions by the defendant.

*Carlos Coolidge,* for the defendant.

At common law the release of one of several joint, or joint and several obligors, discharges all the others. *Tuckerman et al.* v. *Newhall,* 17 Me. 581 ; *Brown* v. *Marsh,* 7 Vt. 320 ; *Rowley* v. *Stoddard,* 7 Johns. 207 ; *Cheetham* v. *Ward,* 1 Bos. & Pul. 630 ; *Nicholson* v. *Revill,* 4 Adol. & Ellis 675. The statute of 1855 p. 16, so modified the common law doctrine as to permit any creditor to discharge one or more of his joint debtors without impairing his right to hold the others, but this does not

include in its operation *sureties.* They are impliedly excluded in the 1st and 2d secs. and are expressly excluded in the 3d. The defendant by assenting to the discharge of Hatch, and himself discharging him from all liability as co-surety, assumed no new liability to the holder of the note.

*Wm. M. Pingry* and *A. P. Hunton*, for the plaintiff,—that one of several sureties may be released without releasing the others—cited *Solly et al.* v. *Forbes et al.*, 6 Eng. Com. Law R. 11 ; *Close* v. *Close,* 27 Eng. Law & Eq. 535 ; *Thompson et al.* v. *Jack*, 54 Eng. Com. Law 540 ; 31 Penn. Rep. 460. The law of 1855, p. 16, applies to sureties as between sureties as well as to principals between principals.

PECK, J. The only question is whether the release executed by Brown to Hatch, one of the three sureties, in connection with the defendant's assent and agreement annexed thereto, releases the defendant, another surety, from all liability as the defendant claims, or only from one third of the note as the plaintiff claims. The defendant claims that at common law the release operates to discharge the defendant from all liability, and that the statute of 1855, providing for the discharge of one or more of several joint obligors or promisors without impairing the right to secure the residue of the debt against the others, is confined to the discharge of one or more of several principals, and does not extend to the case of a discharge of one or more of several sureties.

The first section in general terms, without limitation or qualification provides that any creditor who has or may have a debt or demand against a co-partnership, or several joint obligors or promissors, may discharge one or more of such co-partners, obligors or promissors, without impairing his right to recover the residue of his debt or demand against the other co-partners, obligors or promissors. There is nothing in the language of this section which necessarily restricts it to principals. In case of a demand against a co-partnership, if one member of the firm is principal the others generally would be, but not necessarily.

One might by authority from the others, pledge the name of the co-partnership for his individual debt, in which case the others would be his sureties. So all the members of a firm may be surety under the co-partnership name, as well as an individual. But even if from the word *co-partners* principals only are contemplated, the word is only used as an instance, and does not have the effect to limit or restrain the meaning of the more general words, " obligors or promissors." Sureties on a promissory note are as much joint promissors as are the principals. All are joint promissors as between them and the creditor ; and it is the relation of debtor and creditor that the statute in this section is dealing with, rather than the relation of the debtors with each other. The second section provides how the suit may be brought to recover the residue of the debt, that is, by alleging by whom the contract was made and to whom a discharge has been executed. Thus far there is nothing in the language of the act limiting its application to the discharge of principals. The statute is remedial, and was enacted to remedy or abrogate a harsh rule of the common law that often worked injustice. It should therefore be construed liberally, so far as it can be consistently with its language, to effect the purpose the legislature had in view. It should be so construed as to advance the remedy and cure the mischief, so far as the language will permit. If the words are susceptible of two interpretations, that construction should be adopted which most effectually cures the mischief intended to be remedied. No reason is perceived why the purposes of justice do not require that when a debt falls on several sureties, the creditor should not have the same right to release one on his paying his share, that he has to release one of several principals, without thereby discharging the others from their liability to pay their just proportion. The statute obviously contemplates its application to contracts on which there are sureties, as appears from the language of the third section ; but still this is not conclusive against the defendant's construction limiting it to cases where a principal is discharged. But unless there is something in the language of the third section which limits the

act to cases where a principal is discharged, we see no reason why it should receive such a limited construction. In fact the mischief of the common law rule, if it is as claimed by the defendant's counsel, seems to be greater as applicable to the discharge of a surety, because under that rule the release of the surety on a joint contract, who as between him and the principal ought to pay nothing, releases the principal who ought to pay the whole debt. The third section provides that, " said discharge shall have the same effect for all purposes, and as to all persons, as payment by the party discharged, of his equal part of the debt, according to the number of debtors aside from sureties." This is the provision mainly relied on in support of the construction contended for by the defendant. It is urged that the expression, " *according to the number of debtors aside from sureties*," shows that the statute was intended to apply only to the discharge of a principal. The phrase, " aside from sureties," was not inserted for the purpose of preventing the application of the statute to cases of the discharge of one or more of several sureties, but for a different purpose. The preceding part of the section having provided that the discharge should not operate to release the debt beyond the amount of the share of the party discharged, and having referred to the number of debtors as the criterion of this apportionment, it was necessary to provide that sureties should not be counted for this purpose. This is manifestly just; for if one of two principals is discharged, it ought to operate to discharge half the debt even if there are sureties, and if the principals are all discharged it ought to be a discharge of the sureties if the creditor knew the fact that they were sureties. The word *sureties* in this section may be construed to mean, sureties of the party discharged. If this is the sense in which the word is used, the language of the statute harmonizes with its obvious intent. As the defendant is not a surety for Hatch who was discharged, and as the same relation exists between the sureties as among themselves, that exists between joint principals, (each being bound to pay his proportion according to their numbers,) we see no reason why the release of one of three sureties should release

the other sureties beyond the amount of the share of that surety to pay as between him and his co-sureties.

But if we are wrong in supposing the word *sureties* to mean only sureties of the party discharged, and if the language of the third section is not broad enough to embrace cases of the discharge of sureties, the result is the same ; for the most that can then be said is that in providing what the effect of a discharge shall be, the third section has omitted to specify the case of the discharge of one of several sureties in an action against another surety. This omission can not have the effect to exclude such case from the operation of the first section, which gives the right to the creditor to discharge one or more obligors or promissors, " *without impairing his right to recover the residue of his debt or demand against the other co-partners, obligors or promissors.*" The first section gives the right, and upon no reasonable construction is it taken away by the third section.

Under this construction if one or more principals be discharged, it discharges the debt in proportion as the number of principals discharged bears to the whole number of principals. If all the principals be discharged, it operates to discharge all the sureties. If one of the sureties be discharged, it operates, in an action against the other sureties, as a discharge of the portion of that surety to pay as between him and the other sureties, according to the number of sureties. The discharge of a surety does not operate to discharge a principal, because as between the principal and surety the portion of the surety to pay is nothing. If we adopt the construction claimed by the defendant, that the statute does not apply to the case of discharge of a surety, then the discharge of a surety operates as a discharge of the whole debt, and releases not only the other sureties but also the principals, if the rule at common law is as the defendant claims. We can not suppose the legislature intended that a creditor might discharge one of two principals and enforce the collection of the other half of the debt against the other principal or against the sureties, and yet if he discharged a surety he should have no remedy against the principal or surety for the residue. The

object of the statute was to allow the creditor in the collection of the debt, to apportion the debt among those jointly liable, whether principals or sureties, according to the duties and obligations of the debtors respectively as among themselves. The construction we put upon it will generally, if not in all cases, effect that object. It allows the creditor to deal with the debtors, respectively in the same manner that the debtors are bound to deal with each other in reference to the debt. As there were three sureties on the note, and as the amount paid did not exceed one third of the debt, the release to Hatch operates to release the defendant from one third of the debt only, and the county court properly rendered judgment for the plaintiff for the other two thirds. We are not prepared to say whether, independent of the statute, the release to Hatch and agreement of the defendant executed at the same time, would have had any greater effect.

Judgment affirmed.