THE TRUSTEES OF SCHOOLS OF T. 2 N., R. 6 W.

*v.*

ANTON HIHLER *et al.*

85  409
132  594
85  409
141  289
85  409
161  643
85  409
162  193

1.  COSTS—*trustees of schools not liable for.*  On the dismissal of a bill filed by trustees of schools to set aside a fraudulent conveyance of property and subject it to the payment of a debt due the school fund, it is error to render a decree against the trustees for costs.

2.  PRACTICE IN SUPREME COURT—*obviating error by remittitur of costs.* Where a party improperly takes a decree for costs against trustees of schools, he may obviate the error by filing in this court a remittitur of all costs, but in such case the decree will be affirmed at his costs.

3.  SAME—*release of error must be pleaded.*  If matters are relied on in this court as a release of errors, they must be pleaded, or they will not be regarded.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. WILLIAM WINKELMAN, for the plaintiffs in error.

Messrs. WILDERMAN & HAMILL, for the defendants in error.

Per CURIAM:  This was a bill, filed by the school trustees, to set aside a deed of conveyance, by Hihler to Espenshield, of certain real estate, to avoid the payment of a judgment recovered by the trustees against Hihler and others. On a hearing in the court below, a decree was rendered dismissing the bill, and for costs against the trustees. This writ of error is

prosecuted to reverse the decree for costs, and that part of the decree is assigned for error.

Defendants in error admit that under the statute, and former decisions of this court, it was error to take a decree for costs against the trustees. But defendants in error, on the second day of the term, filed a *remittitur* of all costs named in the decree. This, under section 82 of the Practice act, was sufficient to remove the error complained of by plaintiff in error. The error being thus obviated, the decree of the court below must be affirmed; but, inasmuch as defendants in error took an erroneous decree in the court below, and as the decree must have been reversed had the *remittitur* not been entered, defendants in error will be required to pay the costs of this court.

Defendants in error refer us to a receipt for all costs in the court below, paid by them and filed in this court. If there be such a receipt we can not regard it. If relied on as operating as a release of errors, counsel should know that, under the well established practice, it should have been pleaded. Releases, and papers operating as such, to be regarded by the court, must be brought to its attention by a regular plea. This is a court of record, and as such, matters of this character must be relied on according to the practice in such tribunals.

*Decree affirmed.*