## TRUSTEES OF SCHOOLS

### v.

## MATTHEW STOKES ET AL.

1.  TOWNSHIP TREASURER—PAYMENT OF MONEY TO SUCCESSOR—ACTION IN NAME OF TRUSTEES OF SCHOOLS.—When a township treasurer goes out of office it is his duty to pay over all moneys in his hands to his successor, and on a failure to do so, an action will lie upon his official bond therefor, at the suit of the trustees of schools, whether an apportionment of such moneys has been made among the several districts or not. If an apportionment has been made, it is not necessary that the board of trustees should sue for the use of the several districts.

2.  COSTS AGAINST TRUSTEES.—The court erred in giving judgment for costs against the plaintiff. Courts are forbidden by statute to charge costs where any agent of any school fund suing for the recovery of the same is plaintiff, and shall be unsuccessful in such suit.

3.  TESTIMONY AS TO DISTRICT FUNDS.—It was error to exclude from the jury evidence going to show that district funds went into the hands of the defendant as treasurer, and that he refused to pay over the same on demand, but converted them to his own use.

APPEAL from the Circuit Court of Union county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. W. S. DAY, for appellants; that the trustees were the

proper parties to bring suit, cited School Directors v. The People, 79 Ill. 511; Adams et al. v. The People, 82 Ill. 132; Rev. Stat. Chap, 112, § 62.

School directors of the several districts would have no right to sue; they have only certain specified powers, and until authorized by an order of the board of trustees, have no right to receive any portion of this fund: Glidden et al. v. Hopkins, 47 Ill. 525; Newell v. School Directors, 68 Ill. 514; Wells v. The People, 71 Ill. 532; Peers v. Board of Education, 72 Ill. 508; School Directors v. School Directors, 73 Ill. 249; School Directors v. Fogleman, 76 Ill. 189; Clark v. Directors, 78 Ill. 474; Wilson v. School Directors, 81 Ill. 180; Tappan v. The People, 67 Ill. 340.

TANNER, P. J. This was an action of debt, instituted by the Board of Trustees of Schools, on the official bond of Matthew Stokes, as township treasurer. The cause was submitted to a jury, and a verdict returned in favor of appellees. A new trial was refused, and judgment rendered for appellees for cost.

The case is brought to this court by appeal, and various errors alleged. We propose, however, to notice only such of them as we think will properly dispose of the case.

The appellant urges that "the court erred in excluding from the jury the testimony in relation to district funds." The fourth and fifth breaches of the declaration charge that district funds to the amount of two thousand dollars, went into the hands of Stokes, as treasurer, and that he refused to pay the same over to his successor in office upon demand, but that he converted said funds to his own use. The court, in the first instance, permitted testimony to go to the jury, which showed that various sums of district money went into the hands of Stokes as such treasurer, but afterwards excluded such testimony from the consideration of the jury. We are of opinion this was error.

The next alleged error which we shall notice, is that "the court erred in giving instruction for the defendants." The instruction of which complaint is made is as follows: "The

court instructs the jury, that whenever a State or county fund, paid into the hands of a township treasurer, is apportioned and divided among the various districts of a township, then after such apportionment and division, no recovery can be had against a township treasurer for such funds under a declaration like the one in this case." This instruction should not have been given. Section 40, Chap. 122 R. S. 1874, requires that the township board shall cause all moneys for the use of townships and districts to be paid to the township treasurer, and provides that for any improper conduct in the discharge of his duty as treasurer, they may sue him upon his bond. The bond sued on in this case is in pursuance of the 55 section of the same act, and made payable to the appellants, and requires that Stokes shall deliver to his successor in office all moneys, books and papers, securities, and other property in his hands, as such township treasurer.

Section 34 provides that the trustees shall ascertain on the first Mondays of April and October of each year the amount of State, county and township funds on hand subject to distribution, and shall apportion the same, and that the funds so appropriated shall be placed on the books of the treasurer to the credit of the respective districts, and the same shall be paid out by the treasurer on the legal orders of the directors of the proper districts.

From these provisions of the statute we are unable to see why Stokes, when he went out of office, was not required to pay to his successor in office any and all moneys that he had in his hands as such township treasurer, whether such funds had been apportioned or not among the several districts of the township. The appellees have not seen proper to furnish us with any brief or argument in support of this ruling of the court, and we cannot clearly determine from the brief of the appellant upon what ground the court gave the instruction. If, however, it was upon the theory that the suit should have been brought to the use of the districts among which the funds had been apportioned, it was erroneously given in this respect. In the case of Tappan v. The People, 67 Ill. 340, the court held that a suit brought in the name of the people to the use of the

trustees of schools, against the collector of taxes, to recover district school taxes in his hands, was properly instituted. The point that the suit should have been brought to the use of the district was urged in that case, and is disposed of by Justice Sheldon in these words: "Neither the trustees of schools nor the township treasurer would recover the taxes for their private use. The recovery would be in trust for the several school districts wherein the taxes were levied." So, in the case at bar, moneys recovered would go into the hands of the treasurer, and be held for the benefit of the districts to which it belonged by the apportionment.

We are, therefore, clear in opinion that when a delinquent treasurer goes out of office and retains moneys which he received by virtue of his office, and refuses to pay the same to his successor in office, that a right of action is created thereby in favor of the board of trustees, and against the delinquent and his sureties upon his official bond, whether an apportionment or division of the fund has been struck or not among the various districts of the township. And when an apportionment has been made to the several districts, it is not necessary that the board should sue to the use of the districts. The money recovered would be held in trust for the districts entitled to the same, according to the apportionment.

The fourth assignment of error is, that "the court erred in giving judgment against plaintiffs for cost." We also think this was error. The 78 Sec. Chap. 122, R. S. 1874, provides that "no justice of the peace, probate justice, constable, clerk of any court, or sheriff, shall charge any costs, in any suit where any agent of any school fund suing for the recovery of the same, or any interest due thereon, is plaintiff, and shall be unsuccessful in such suit."

This statute has been construed by the Supreme Court of our State in a case similar to the one at bar, adversely to the ruling of the Circuit Court. Trustees of Schools, etc. v. Walters et al. 12 Ill. 154; Trustees of Schools v. Hill et al. 85 Ill. 409. We deem a further examination of the errors assigned unnecessary, as they, even if well made, would not require any directions to be given to the Circuit Court on another trial of the cause.

For the several errors indicated, the cause must be reversed and remanded.

Reversed.