## TRUSTEES OF SCHOOLS
### V.
## LEMUEL SOUTHARD ET AL.

*Negotiable Instruments—Note—School Funds—Principal and Surety —Request to Sue—Sec. 58, Chap. 122, R. S.—Agency—Costs.*

1. A notice by one of several co-sureties on a note on his own account to the payee thereof to sue, will not, in case of a failure to do so within a reasonable time, discharge the rest.

2. It may be shown, in a suit brought upon a promissory note by the payee, that persons signed the same as sureties, although it does not so appear on the face of the note, and no notice has been given.

3. Under the statute two or more sureties are necessary upon the loan of school funds, and where there are several signers, the presumption arises that the treasurer of the board did his duty and acted in conformity with the law, and that at least two of such signers are sureties.

4. A provision in a note that no extension of time of payment, with or without the knowledge of the sureties thereon, should release them or either of them, is not a perpetual waiver of their statutory right to demand an effort by the payee to collect.

5. Notice to sue, by sureties upon a note made to the trustees and given upon a loan of school funds, directed to the treasurer of the board of trustees alone, is insufficient. It should also be given to the board of trustees.

[Opinion filed August 28, 1889.]

APPEAL from the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. HAPPY & TRAVOUS, for appellants.

The alleged notice to sue should have been directed to, and

served upon the trustees. The treasurer was not the legal holder or "creditor." Gross' Statutes of Ill., 1869 (3d. Ed.), page 683; Starr & C. Ill. Stats., Chap. 132, Sec. 1; Bartlett v. Cunningham, 85 Ill. 22; Wade on Notice, Secs. 1334, 1335 and 1342; The C. & A. R. R. Co. v. Smith, 78 Ill. 96; Brandt on Suretyship and Guaranty, Sec. 505; Adams v. Roane, 7 Ark. 360.

The notice was clearly insufficient under the statute. To avail the surety the notice should be a positive demand to bring suit. The statute is in derogation of the common law, and a party setting up a discharge thereunder must show strict compliance with its terms. Brandt on Suretyship and Guaranty, Sec 504; Baker v. Kellogg, 29 Ohio St. 663; Parrish v. Gray, 1 Humph. 88; Kaufman v. Wilson, 29 Ind. 504; Bates v. State Bank, 7 Ark. 394; Moore v. Peterson, 64 Iowa, 423.

Even if the notice were sufficient, under the statute, to release Fahnestock, it would not have this effect as to Southard. The contract was several as well as joint, and a release of one surety by operation of law would not release the other. The People v. White, 11 Ill. 341; Wilson v. Tebbetts, 21 Am. Rep. 165; Routon's Adm'rs v. Lacy, 17 Mo. 399.

The third replication to the separate plea of defendant Fahnestock presented a material issue, and the demurrer to it should not have been sustained. Goodman v. Litaker, 37 Am. Rep. 602, and authorities there cited.

It was error to adjudge costs against plaintiffs. Cassady v. Trustees of Schools, 94 Ill. 589; Trustees of Schools v. Stokes, 3 Ill. App. 267.

Messrs. KROME & HADLEY, for appellees.

If notice were required to be given to the trustees, upon which one should it be served? If, upon the trustees, then they would be obliged to notify the treasurer, as he is the one required to commence suit. Without the concurrence of the treasurer, who is the custodian of the note, no suit could be maintained. Why require a notice to three persons, who, in

Trustees of Schools v. Southard.

turn, must notify a fourth, to make the notice effectual, instead of notifying, in the first instance, the person who has the power to sue?

When a bank is the creditor, a notice given to the cashier has been held sufficient. The Bank of St. Mary's v. Mumford, 6 Ga. 44.

The notice was a substantial compliance with the statute. It was a notice in writing, signed by the surety, demanding the holder to collect the note within thirty days. This was in July, 1882. Instead of collecting the note the holder waits until nearly fifteen years have elapsed since the maturity of the note before the institution of suit.

A release or discharge of one surety discharges all. Ex parte Giffud, 6 Ves. 805; Towns v. Riddle, 2 A'a. 694; Stockton v. Stockton, 40 Ind. 225.

"The doctrine has long been considered as settled, that a release as to one of two or more joint, or joint and several obligors or promisors, is a release of all." Benjamin v. McConnell, 4 Gilm. 544, and authorities there cited.

PHILLIPS, J. A note was executed on April 1, 1872, payable to plaintiffs, the appellants, by W. W. Luttrell as principal, and the appellees as sureties. Suit was brought on the note, to which the defendants pleaded the general issue, and a special plea by James P. Fahnestock, which averred that Luttrell was principal debtor, and that Fahnestock was surety, and that plaintiff had notice, and after the note became due, apprehending that Luttrell was liable to become insolvent, Fahnestock, by notice in writing to the school treasurer, required plaintiff to sue, and avers that plaintiff did not, within a reasonable time, bring suit, by reason of which defendant Fahnestock was discharged. There was also a special plea by appellee Southard, which averred the suretyship, the notice by Fahnestock to sue, and that the failure of appellant to sue forfeited its right to demand of him said sum.

A demurrer was interposed to the special pleas, which was overruled, and plaintiff, electing to stand by the demurrer to the plea of Southard, judgment was entered on the plea for Southard.

Replications were filed to the plea of Fahnestock, first, traversing the allegation of the notice in writing to sue; second, averring that it was agreed by the defendants, by the terms of the note, that no extension of time of payment, with or without their knowledge, should release them or either of them; and third, denying notice that Fahnestock was surety. A demurrer was sustained to the second and third replications, and on trial before the court, without a jury, a verdict was rendered for defendant and costs adjudged against plaintiff. The notice to sue was shown to have been served on the treasurer, as averred in the plea, and this, with the note, substantially constituted the evidence in the cause. The liability on the note was joint and several. It was error to overrule the demurrer to the plea of Southard. Where there are two or more sureties on a note, and the statute provides for a discharge from liability, by reason of notice to collect, and failure of payee to sue within a reasonable time, a notice to sue, given by one surety on his own behalf, will not operate to discharge another surety who gives or joins in no notice. Wilson v. Tebbetts, 29 Ark. 579; Ronton's Adm'rs v. Lacy, 17 Mo. 399; Letcher, Adm'r, v. Yantes, 3 Dana, 160; Klingensmith v. Klingensmith's Ex'r, 31 Penn. St. 460; Barrow v. Shields, 13 La. An. 57; Alford v. Baxter, 36 Vt. 158.

The demurrer was properly sustained to the second and third replications. The statute required two or more sureties for school funds loaned. The plaintiff was the original holder of the note, and whether it was made while particular persons, or their predecessors in office, were the board of trustees, the presumption must be held that the treasurer did his duty and required two sureties. It may be shown, where the suit is by the payee in the note, that persons signed the note as sureties, whether it so appears on the face of the note or not. And whether notice of the fact of suretyship existed or not, can not affect the question. It need not necessarily appear on the face of the note. Ward v. Stout et al., 32 Ill. 399; Kennedy et al. v. Evans, 31 Ill. 258; Flynn v. Mudd, et al., 27 Ill. 323.

The facts alleged in the third replication were not material.

The second replication pleaded a provision of the note which was, "and no extension of the time of payment with or without our knowledge, by the receipt of interest or otherwise, shall release us, or either of us, from the obligation of payment." That agreement can not be held to be a perpetual waiver of a right given by the statute to the defendants, to demand an effort at collection by the payee for the protection of the surety. To award a judgment for costs against the plaintiff was error. Cassaday v. Trustees of Schools, 94 Ill. 589; Trustees of Schools v. Stokes, 3 Ill. App. 267.

Is a notice to the treasurer sufficient to discharge a surety on a note made to the trustees of schools, or must the notice be given to the trustees also? This is a question of first impressions. By Sec. 58 of Chap. 122, R. S., all notes are directed to be taken to the trustees of schools for funds loaned. The treasurer is appointed by the board of trustees, and it is made his duty to loan school moneys, to collect, to safely keep funds, and discharge other duties prescribed by the statute. While an officer appointed by the board of trustees, his duties are prescribed by the statute and no power can authorize him to neglect or violate those duties. There is a certain supervisory control exercised by the board of trustees in pursuance of the statute. The treasurer must account semi-annually to the trustees, and lay before them all books, notes, bonds, mortgages and all other evidence of indebtedness belonging to the township. The board of trustees may require additional security for the payment of money loaned, " and at each semi-annual meeting, and at such other meetings as the trustees may deem proper, the board shall examine all books, notes, mortgages, securities, papers, moneys and effects of the corporation, and the accounts and vouchers of the treasurer, and shall make such order thereon for their security, preservation, collection, correction of errors if any, and for their proper management, as may seem to said board necessary."

These duties of the board of trustees, as prescribed by the statute, are designed to protect and guard not only a public fund, but in addition thereto, a duty prescribed by statute as the duty of the treasurer with reference to that fund; the trustees are given a supervisory power and right

and a duty in reference to the treasurer's management of that fund. The statute which prescribes these duties and rights is a public law of which all persons must take notice. Having notice of the duties not only of the treasurer, but of the board of trustees, with reference to the preservation, management and collection of that fund, may one, dealing with the treasurer with reference to that fund, and becoming a surety on a note to the trustees for money loaned by the treasurer, give notice to the treasurer alone to proceed to collect such note, and, in the event of his failure to do so within a reasonable time, claim that he is discharged from further liability on the note? He is obliged to take notice of the fact that the board may direct the collection of the note, and with that knowledge fairness and justice would require that if the surety in good faith desires the note collected, he should give notice to each agent of the public who has the right or duty under the law to direct the collection of the note, the treasurer and the board of trustees, and not discharge himself from liability by a notice to one of those agents.

Nor can the treasurer be regarded as the agent of the board of trustees; they are each officers whose duties are prescribed by law, and to act within the statutory directions, they each owe duties and are under responsibilities to the same fund, and are each designed under the law to protect and preserve that fund—the one a check on the other. Neither is the agent of the other. The notice to the treasurer alone to sue and collect the note was not sufficient to discharge the defendant Fahnestock from liability. The judgment is reversed and the cause remanded.

*Reversed and remanded.*