Hoeeheimer, J.
Heard on motion for a new trial.
This matter came on to be heard on a motion for a new trial. The action was on a promissory note. The co-defendant, Robert Moorman, made no defense. Defendant Voss urged several defenses. He claimed to be a surety merely; that, as such, he gave Mrs. Morman, the principal creditor, sufficient notice to proceed to suit against defendant Moorman, as required by law. He also claimed that she was the owner of the note, but that, as a matter of fact, Frank Moorman, her' husband, was the owner of the note, Verdict was for plaintiff.
*146 Several grounds are assigned for a new trial, and these will be briefly considered, seriatim.
1. It is claimed that a certain partition proceeding, instituted in the Hamilton County Common Pleas Court, entitled Louisa M. Voss v. Frank J. Moorman, Rose F. Moorman e.t al, No. 121,778, is res adjudicata as to the proceeding now under consideration. In that proceeding Rose F. Moorman, plaintiff herein, was one of the parties, and it also appears she held a certain mortgage executed by Robert A. Moorman on the undivided interest of said Robert A. Moorman in the property involved, securing various notes, among others the one in controversy, and upon which defendant Voss claimed to be surety. As far as this mortgage was concerned, that proceeding was merely one for equitable foreclosure. In the answer and erosspetilion Rose F. Moorman makes the following in-ayer:
“Wherefore, this answering defendant prays that the said mortgage be satisfied out of the proceeds of sale of the property herein sought to be partitioned if sold, and in case said defendant, Robert A. Moorman, elects to take his undivided one-fifth interest in certain premises, that said mortgage attach and become a lien upon s'aid certain premises.”
So that it will be observed there was no prayer for personal judgment as against Robert Moorman or this defendant Voss. The notes secured by the mortgage were not set out, nor, as a matter of fact, were they sued upon. Mr. Voss was not made a party by the cross-petition, and was in no sense before the court on this matter. In this regard the case is to be distinguished from Brigel v. Creed, 65 O. S., 40, relied on by counsel for defendant. In the Brigel case it will be observed the surety, Mrs. Brigel, was a party to both actions, and the finding was against her and her husband in the first case. Upon the answer and cross-petition of Rose F. Moorman, the court made a “finding,” but not a judgment (Maley v. Murray, 2 Nisi Prius, 614; Commissioners v. Rhodes, 26 O. S., 644). And under the circumstances, therefore, we think the claim untenable that the particular note sued on in this action was merged in that finding.
*147 2. Neither can it be claimed that the money realized on said mortgage was applied in whole or in part to this particular note. The court, in the partition proceedings, found a certain amount due Mrs. Moorman upon the mortgage, and it was ordered paid on account. Was it not her right to apply this money according to the intention of the parties to the mortgage? I am of opinion that it was, especially if the intention of the parties to the mortgage could be ascertained (Gaston v. Barney, 11 O. S., 506). Under instruction from the court the jury doubtless ascertained what the intention of the parties to the mortgage was (the language of the mortgage seemed ambiguous on this point), and it found that Mrs. Moor-man applied the proceeds in accordance with the intention of the parties, to notes 1, -2 and 3, which were notes upon which Robert A. Moorman stood alone. The defeasance clause of said mortgage was as follows:
“Provided, nevertheless,.that if the said mortgagor, Robert A. Moorman, pay or cause to be paid the following promissory notes of his hereafter designated 1, 2 and 3; and that unless otherwise satisfied he pay or cause to be paid the following obligations herein designated 4 and 5,” etc.
Obligation 4 is the note in controversy. Therefore, unless the law applied the proceeds realized to all the notes secured by the mortgage, then no part of said proceeds was applied to obligation 4. Mr. Cash contends, that Mrs. Moorman might have made the application of the proceeds as she claims it was made by her, had the payment been voluntary; that inasmuch as the payment was involuntary—made by operation of law— the proceeds are to be applied to all the notes in accordance with “equitable principles” (Jones on Mortgages, 6th Edition, 1683a). As pointed out by counsel for plaintiff, this writer evidently follows National Bank v. Moore, 112 N. Y., 543. But there seems to be a decided difference of opinion in the courts of the various states as to what application “equitable principles” require, the difference arising, no doubt, because some of the states follow the civil law and others the common law. The New York ease follows the civil law. As far as this state is concerned, however, the questions seems to be settled in *148 Gaston v. Barney, supra, which case cites with approval Bank v. Benedict, 15 Conn., 437, which is a foreclosure ease. Ohio follows the common law.
It seems, therefore, that the fact that the payment of the money to Mrs. Moorman was involuntary, that is, obtained under the foreclosure of the mortgage, would make no difference.
3. During the progress of the trial, the court ruled that notice to Frank Moorman, husband of plaintiff, by defendant Voss, was insufficient, under Section 5833, to discharge Mr. Voss as surety, if he was such. Said section is as follows:
“A person bound as surety in a written instrument for the payment of money, or other valuable thing, may, if a right of action accrue thereon, require his creditor, by notice in writing, to commence an action on such instrument forthwith, against the principal debtor; and unless the creditor commence such action within a reasonable time thereafter, and proceed with due diligence, in the ordinary course of law, to recover judgment against the principal debtor for the money or other valuable thing due thereby, and to make, by execution, the amount thereof, the creditor, or the assignee of said instrument, so failing to comply with the requisition of such surety, shall thereby forfeit the right which he would otherwise have to demand and receive of such surety the amount due thereon.”
And the court held that said notice was insufficient, because the surety failed to strictly comply with the terms of the said statute by failing to serve notice upon Mrs. Moorman herself. Defendant contends that said section is to be liberally construed, and that the notice given by Voss to the plaintiff’s agent (husband) was sufficient. There was also testimony tending to show that Frank Moorman was agent for his wife in the matter of said note, at certain times. Many states have statutes substantially similar to our own that provide for service of written notice on the creditor to sue, by one claiming to be a surety.
Referring to the notice, a writer on suretyship says:
“Notice must be delivered to the creditor in person and not to his agent” (Pingree on Suretyship, Section 145).
*149 In Coy Kendall v. Constable, it seems- that notice to the attorney is insufficient (Coy Kendall v. Constable, 48 Hun., 360).
In a case- where the notice was to creditor’s attorney and directed him and not the creditor to institute proceedings, the court said:
“It is clear, we think, that the written notice described in this paragraph of the answer is not such a notice as the section quoted requires to be given. The remedy given by Section 672 of our code of practice to sureties upon written contracts is purely a statutory remedy, and has never 'been regarded as part of the common law (Halstead v. Brown, 17 Ind., 202.) The surety who desires to avail himself of the remedy must do just what Section- 672 (compare Section 5833, Revised Statutes of Ohio), in plain terms, requires him to do; he must, by written notice, require the creditor or obligee to institute an action on the contract. The notice in this case is insufficient” (Driskoll v. Commissioners, 53 Ind., 532. See, also, Trustees v. Southard, 31 Ill. App., 359, at page 364; Davis v. Snead, 33 Grattan, 705, at pages 708, 709; Suffington v. Jeffries, 15 Mo., 628).
In the latter ease the notice was given to the attorney or ■agent of the person having the right of action, and the court said he was not the person to be served with notice under the terms of the statute, and that the surety is held strictly to pursue the terms. pointed out by the statute before he can recover.
It is often said a surety is a favorite in the law. Even if that is true, we see no reason why he should be permitted to evade his fixed, definite responsibility to the principal creditor by failing to strictly comply with the terms of a statute purposely enacted in his favor.
In Clark v. Osborn, the court said:
“The suretyship is accepted with knowledge of its terms. It gives rights to both parties. The right of the creditor is to disregard with imptmity any notice, not in strict conformity with its terms” (Clark v. Osborn, 41 O. S., 28).
In view of the foregoing, I must adhere to the ruling made during the trial, namely, that Section 5833, Revised Statutes, must be strictly complied with; and that inasmuch as there *150 was no notice to the plaintiff, the notice to her husband was insufficient in law, and could not work a discharge of the surety.
Denis F. Cash, for the motion.
Stephens, Lincoln & Stephens, contra.
4. It is also contended that the court erred in permitting Robert Moorman to give parol testimony to explain the words “unless otherwise satisfied” (McMasters v. Insurance Company, 55 N. Y., 222, seems to sustain the position of the court.)
The motion for a new trial must be overruled.