## Illinois Central Railroad Company v. St. Louis & Northeastern Railway Company.

1. MOTION TO DISSOLVE—*when party making, may appeal from order granting injunction.* In the absence of a plea of release of errors, the fact that a motion to dissolve was made after the appeal was taken from an order granting an injunction, cannot be availed of as a ground for the dismissal of the appeal.

2. CROSSING—*right of traction company to make at point selected by it.* A traction company organized under the railroad act, where objection is made, cannot cross railroad tracks at any point selected by it, but such question must be submitted for determination to the Railroad and Warehouse Commission.

Appeal from interlocutory order granting injunction. Appeal from the City Court of Litchfield; the Hon. PAUL McWILLIAMS, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded with directions. Opinion filed March 20, 1906.

**Statement by the Court.** This is an appeal from an interlocutory order granting an injunction against appellant. On October 16, 1905, appellee filed its bill in chancery against appellant and the City Court thereupon ordered a temporary writ of injunction to issue without notice, which was issued and served upon appellant on the same day. On October 28, 1905, the defendant filed with the clerk of the court an appeal bond which was approved by the clerk, in accordance with the statute providing "for appeals from interlocutory orders granting injunctions or appointing receivers."

The material averments of the bill are as follows: That complainant is a railroad corporation organized under the laws of Illinois, and has located and is constructing its line of railway and is grading and laying the rails thereof between Staunton and Hillsboro, passing through the city of Litchfield; that in so constructing its railroad, complainant is compelled to cross divers steam railroad tracks and rights of way already constructed or acquired by other railroad corporations between Staunton and Hillsboro, and that divers of said railroad corporations, particularly the C., B. & Q. Railway Company and the C., C., C. & St. L. Railway

Company, and the defendants, are unfriendly and hostile to complainant and are obstructing and endeavoring to obstruct complainant in the completion of its railroad by refusing to permit complainant to cross their tracks and by inciting other property owners to obstruct it; that the proposed railroad of complainant will be operated by electricity and is what is commonly called an "electric railroad"; that in its operation within cities and villages it performs the service of and is practically a street railway; that by reason thereof, property owners and business men of cities and villages through which it passes encourage and generally desire its construction through the business portions thereof, and as much in the streets as possible; that, by reason of its motive power and method of operation, much greater facilities will be afforded its patrons in passenger and freight service than is furnished by steam roads and that steam roads generally harass and incite opposition to complainant to its inconvenience and injury; that in order to meet with the requirements of the city of Litchfield and its citizens and business men, complainant located its line so as to pass over private property to within a quarter of a mile of the intersection of Sargent and Clinton streets, in the city of Litchfield, and thence over certain streets and alleys to the intersection of Sargent and Clinton streets, and thence eastwardly about three blocks to State street, the latter being the principal business street of said city, and thence north on State street to the north end thereof and around the city park and eastwardly on Water street out of said city; that upon petition of property owners owning a majority of the frontage on said streets and of each mile thereof, the city council of said city passed an ordinance granting to the St. Louis & Springfield Railway Company, the assignor of complainant, the right to construct and operate its railway on Sargent street from an alley next west of Clinton street eastwardly to State street and north thereon for a distance of four blocks and requiring said railway to be laid upon the established grade of said streets; that complainant made the necessary surveys, measures, and levels for constructing its railroad in said streets and acquired its right of way over

448        APPELLATE COURTS OF ILLINOIS.

VOL. 125.]    Illinois Central R. R. Co. v. St. L. & N. Ry. Co.

private property where required to connect with the points
covered by said ordinance and has graded and constructed its
railroad thereon and in the streets and alleys of said city
to within about three hundred feet of the intersection of
Sargent and Clinton streets and has installed its permanent
crossing over the tracks of the C., B. & Q. Railway Com-
pany and the defendant in Sargent street; that the city of
Litchfield is the owner in fee of Sargent street and has here-
tofore permitted to be constructed across the same three cer-
tain railroad tracks now operated as steam railroads and pos-
sessed and controlled respectively by the Wabash Railroad
Company, the C., B. & Q. Railway Company and the de-
fendant; and that said city also permitted certain other
railroad tracks to be constructed across State street, which
last mentioned tracks are possessed and operated by the C.,
C., C. & St. L. Railway Company; that each of said railroad
tracks is constructed upon the grade of the street and are all,
practically, on the same grade or level; that the tracks of the
Wabash Railroad Company, the C., B. & Q. Railway Com-
pany and the defendant are at right angles to and across the
tracks of the C., C., C. & St. L. Railway Company about
three hundred and fifty feet north of Sargent street; and
that in order to use and occupy Sargent street, under the
term of said ordinance, complainant will be compelled to
cross the tracks of the Wabash Railroad Company, the C.,
B. & Q. Railway Company and the defendant in Sargent
street, and of the C., C., C. & St. L. Railway Company in
State street; that the necessity therefor has been publicly
known to the authorities of said city, county and State and
of said four railroads for months; that since the passage of
said ordinance complainant has been openly and publicly
securing its rights of way and grading and constructing its
railroad, and complainant had well hoped that the other
railroad corporations would so unite with complainant that
no objection would be made to complainant crossing their re-
spective tracks in such manner as to enable complainant to
construct and operate its railroad and comply with the
wishes of the city of Litchfield and of its citizens and prop-
erty owners; that complainant has applied to each of said

corporations to permit it to construct and place at its sole expense such necessary crossings and appliances as would provide grade crossings over each of said railroad tracks and has offered to install the same at its own expense and without any interference with the operation of the trains of said corporation; that it is entirely practical and safe to construct its railroad in Sargent and State streets across said tracks and so as not to interfere with the operation of trains on the latter or to increase the hazard of travel over the same, and that the railroad of complainant will be operated by means of single cars or, at the most, by trains but of a small number of cars, all capable of much quicker and easier control than steam cars, so that such operation will scarcely add more to the danger of operation of the other railroad tracks than the travel of an equal number of wagons upon said streets; that the Wabash Railroad Company has consented and agreed to the construction by complainant of such grade crossing, with a connection by means of a "Y" track between the tracks of the Wabash Railroad and complainant, so as to furnish cars to be transferred from one track to another, and has entered into a contract to that effect; that each of the other railroad corporations, and particularly the defendant, has refused so to do and threatens forcibly to resist the placing or maintenance and operation of any crossing by complainant over the tracks controlled by it, and to remove any and all material now placed or which may hereafter be placed by complainant in any part of Sargent street, which is occupied with the tracks of the defendant; that the defendant, the C., B. & Q. Railroad Company and the C., C., C. & St. L. Railway Company has each applied to the Board of Railroad and Warehouse Commissioners of the State of Illinois to act under the terms of the statute in such case made and provided and to compel complainant to cross said tracks at some other points and upon other grades than those required by said ordinance and to order that complainant shall go over or under said tracks; that the Wabash Railroad tracks are between those of the defendant and of the C., B. & Q. Railway, and about one hundred seventy-five feet

450        APPELLATE COURTS OF ILLINOIS.

VOL. 125.]   Illinois Central R. R. Co. v. St. L. & N. Ry. Co.

from the same respectively; that it is physically impossible to cross the tracks of the Wabash Railroad in Sargent street at grade and make such "Y" connection, as complainant has contracted with the Wabash Railroad Company to do, and to cross the tracks of the defendant and the C., B. & Q. Railway Company in Sargent street other than at grade; that as complainant has exercised its power to locate its railroad under its articles of incorporation, it is advised that its right is exhausted and it cannot re-locate the same upon another line so as to cross said tracks at other points than those specified in said ordinance; that the defendant is acting in concert with such other corporations in opposing complainant in the exercise of its rights as a common carrier and under the terms of said ordinance and in forcibly resisting the employés of complainant in the construction of its railroad and in threatening to remove the material, crossings and tracks now placed by complainant in Sargent street or which may hereafter be placed therein and in applying to the Board of Railroad and Warehouse Commissioners of the State of Illinois to compel complainant to abandon its rights under said ordinance and its right of way so acquired and to cross over or under the tracks of said company outside the city of Litchfield and at a point where it has no right of way and where its right to acquire the same is doubtful in law; that its conduct is unreasonable and in fraud of the rights of complainant and is pursuant to a conspiracy between it and other corporations to prevent complainant from entering the business portion of the city of Litchfield as a competitor in business and to enable them to maintain their present monopoly of the business of common carriers; that such conduct deprives complainant of its property without due process of law, and will constitute a permanent and irreparable injury to complainant; that complainant expressly denies that the Board of Railroad and Warehouse Commissioners have any right or authority to interfere with complainant in the construction of its road in Sargent street under said ordinance.

The prayer of the bill is that a temporary injunction issue

against the Illinois Central Railroad Company, its agents, etc., enjoining them and each of them from forcibly or otherwise removing or from in any manner obstructing complainant or its agent in completing, placing and using any crossing, or other appliances in Sargent street as a part of any crossing of the railroad of complainant over any railroad track of the defendant in said street and also from further prosecuting or making before the Board of Railroad and Warehouse Commissioners of the State of Illinois any objections to the crossing by complainant of the tracks of the defendant in Sargent street in the manner prescribed by said ordinance, and upon a hearing, that said temporary injunction may be made perpetual.

Attached to and made a part of said bill of complaint is a copy of the ordinance referred to therein, which grants to the St. Louis and Springfield Railway Company, and its assigns, the rights to construct, maintain and operate for fifty years a railroad along certain public streets, including Sargent street, from State street to Clinton street, which is to be operated by electricity or any other motive power permitted by the city, except steam, and is to be used for the transportation of passengers, baggage, U. S. Mail, express matter and freight. It provides that the tracks shall be composed of "T" rails and shall be laid on the grade now established or hereafter established. It also provides that "no right or privilege hereby conferred shall be deemed or considered so as to conflict or interfere with any rights or privileges now held, possessed or enjoyed by any person, company, or corporation under any privileges or franchises heretofore granted by said city, to which rights all the rights hereby conferred shall be subject." It also provides that "it is expressly stipulated, however, that the work of constructing said track and appliances therewith connected shall not be commenced until the said Railway Company, its successors or assigns, shall have completed and ready for operation a continuous line of interurban railway from Hillsboro or Staunton to the limits of said city of Litchfield at some

452     APPELLATE COURTS OF ILLINOIS.

VOL. 125.]   Illinois Central R. R. Co. v. St. L. & N. Ry. Co.

point where same connects with the right of way as mentioned in section one of this ordinance."

JETT & KINDER, for appellant; JOHN G. DRENNAN, of counsel.

RINAKER & RINAKER and J. H. ATTERBURY, for appellee; H. J. HAMLIN, of counsel.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

The principal and controlling question presented by this record for determination is as to the proper construction and effect of section 209 of chapter 114 of the statute entitled "An act in relation to the crossing of one railroad by another and to prevent danger to life and property from grade crossings," which reads as follows:

"That hereafter any railroad company desiring to cross with its tracks the main line of another railroad company, shall construct the crossing at such place and in such manner as will not necessarily impede or endanger the travel or transportation upon the railway so crossed. If in any case objection be made to the place or mode of crossing proposed by the company desiring the same, either party may apply to the Board of Railroad and Warehouse Commissioners and it shall be their duty to view the ground and give all parties interested an opportunity to be heard. After full investigation, and with due regard to safety of life and property, said board shall give a decision prescribing the place where and the manner in which said crossing shall be made, but in all cases the compensation to be paid for property actually required for the crossing and all damages resulting therefrom, shall be determined in the manner provided by law in case the parties fail to agree." (Rev. Stat. 1903, Page 1479.)

It is insisted by appellant that under said act, where objection to such crossing is made, a railroad company organized under the general railroad act of this State has no right to cross with its railroad track the main track of another railroad at a particular point selected by the company desir-

ing to cross, unless the Railroad and Warehouse Commission approves the place and manner of the proposed crossing. Appellee, on the contrary, contends that the jurisdiction of the Railroad and Warehouse Commission can only be invoked where the proposed crossing is made in violation of the provisions of such act; that inasmuch as the record shows that the crossing in controversy is constructed "at such place and in such manner as will not necessarily impede or endanger the travel and transportation upon the railway so crossed" the intervention of the Warehouse Commission cannot be invoked. We do not so construe the act in question. Appellee having been organized as a railroad corporation under chapter 114 of the statutes, is subject to all the provisions of the same, and is burdened with the same obligations, restrictions and limitations as other railroad corporations organized under such act, without regard to what motive power is or may be employed in the operation of its trains. Goddard v. Ry. Co., 104 Ill. App., 526; Malott v. Ry Co., 108 Fed. Rep., 313.

The clear purpose of the act, when its title, language, the existing circumstances and contemporaneous conditions, the evil sought to be remedied, its necessity and the general objects sought to be attained are considered, is to require that crossings of this character shall be made at such places and in such manner as will not unnecessarily impede or endanger travel or transportation upon the railroad crossed, and that when the question whether or not a crossing is made or proposed to be made, complies with the statute in this regard, is raised by objection, such question is relegated to the Railroad and Warehouse Commission for its final decision and is not one of fact to be determined by the courts.

We construe the statute as meaning and intending, not that the commission shall indicate a particular place and no other at which the crossing shall be made, but that they shall have discretionary power only to prevent its being made at any place or in such manner as will unnecessarily impede or endanger travel on the existing line. That while, where objection is made, the commission may determine

454    APPELLATE COURTS OF ILLINOIS.

VOL. 125.] Illinois Central R. R. Co. v. St. L. & N. Ry. Co.

whether or not a particular crossing desired will be or is dangerous, in case of an adverse decision, the company seeking to cross still has the right to select another place or manner of crossing which, in case of the consent of the municipality and further objection, must in turn be approved by the commission. In other words, the power conferred upon the commission is in its nature that of veto merely. If this construction be reasonable and warranted, the exclusive power of the municipality over the streets within its corporate limits is not interfered with by the act. Its power to control the location of a railroad and to protect property and persons against injury still remains, no positive power being conferred upon the commission to permit a crossing to be made contrary to the will of the municipal authorities. Nor is the constitutional requirement that the consent of the local authorities of a municipality must first be obtained before the general assembly shall grant the right to construct a street railroad therein, to any extent thereby impinged upon. True it is that the commission may in their discretion, prevent any crossing whatever to be made, within the limits of a municipality, and if such interdictive authority can be said to abridge the exclusive jurisdiction of a city over its streets, conferred by the Cities, Villages, and Towns Act, section 209 must be held, impliedly to repeal or modify such part of such former act as is inconsistent therewith or repugnant thereto. Furthermore, we think that such section may be upheld as an exercise of the inherent power of the State to enact all police laws necessary and proper to secure and protect the life and property of the general public, including not only those who may be resident of a particular municipality, but all who travel upon, or entrust their property to the custody of railroads. To this extent the local police power of municipalities is clearly subordinate to that of the State.

In Malott v. Ry. Co., 108 Fed. Rep., 313, appellee, an electric railroad company organized under the general railroad act, sought to cross its track with that of a railroad of which appellant was receiver. It is there held that sec-

tion 209, *supra,* must be construed as *in pari materia* with sections 18 and 20 of the act of March 1, 1872, which provided generally for the exercise of power of eminent domain by railroads, and as making a valid provision for the modification of procedure under such prior statute, so far as relates to the place and manner of constructing railroad crossings, in the interest of greater safety.

It is insisted that if the foregoing construction be adopted, it will hereafter be practically impossible for electric railways to secure an entrance to any of our cities and villages, that such railway cannot acquire the right to use any street of a city or village for the reason that interested steam railroad companies can easily purchase the refusal of permits from property owners along a street and thereby prevent the use of the street by an electric railway, and that, if before any street can be used, the commissioners must locate the point of crossing for each railway to be crossed, and the electric railway must acquire the frontage signatures, it will mean that the existing monopolies will be preserved, and the public cannot have the transportation facilities demanded by it. In answer to such suggestion, it may be said that if the hypothesis suggested be reasonable, and the powers granted the Railroad and Warehouse Commission are too broad and may be exercised in an arbitrary manner, relief should and must be sought from the General Assembly, and not in the courts.

After the present appeal was perfected, appellee filed a motion in this court to dismiss the same for the reason that, as alleged, appellant, after the entry of the order appealed from, interposed and urged in the Circuit Court a motion to dissolve the injunction. Such motion must be overruled. Facts tending to show a release of errors cannot be considered on a motion to dismiss in the absence of a plea of release of errors. R. Co. v. Siegel, 161 Ill., 638; Crosby v. Kiest, 135 Ill., 458; Trustees v. Hihler, 85 Ill., 409.

The foregoing views render a determination of the other questions raised and argued by appellant unnecessary. The interlocutory order granting the injunction will be reversed

and the cause remanded to the City Court with directions to dismiss the present bill for want of equity.

*Reversed and remanded with directions.*