R. B. Lynn et al., Appellants, v. Trustees of Schools of Township No. 16, Pope County, Illinois, Appellees.

Opinion filed September 18, 1933.

DURFEE & HOLMES, for appellants.

B. F. ANDERSON and D. F. RUMSEY, for appellees.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

R. B. Lynn and others, as taxpayers of Township 16, Range 7, in Pope county, filed their bill for injunction against the school trustees of such township, to restrain them from prosecuting, by privately employed attorneys, a number of suits which they had instituted for the recovery of moneys accruing to the several school districts of the township, and from paying such attorneys therefor out of the public school funds of said township.

The bill avers that in April, 1931, the trustees of schools, claiming there was due and owing to them as such trustees, moneys accruing to the several school districts of the township, engaged two attorneys, J. W. Browning and B. F. Anderson, to bring and prosecute suits for the collection of such debts; that they contracted to pay them for their services out of the school funds of the township, and that pursuant to such agreement the suits were brought and are still pending.

It is further alleged that neither attorney was State's attorney of Pope county, nor appointed by the

court to act as such; that during the time in question, such office was held by one J. A. Whiteside, who was not disqualified from acting, and that the trustees did not request nor authorize said State's attorney to bring the suits for the recovery of such moneys. The bill further charges that it was the duty of the State's attorney to act in the premises; that the contract with the other attorneys was contrary to public policy, and that any money paid out thereunder would be a misappropriation of public funds. The bill prayed for an injunction restraining the school trustees (appellees herein), from prosecuting such actions through said privately employed attorneys, and from paying them any fees on account thereof, from the school funds of the township.

Appellees answered the bill, admitting the contract, and averring its legality; also, that there had been a former adjudication of the questions involved. Appellants here (complainants below), filed exceptions to certain parts of answer, which the court overruled. Appellants stood by their exceptions, the bill was dismissed, and they are prosecuting this appeal to reverse the decree.

The cause was heard at the February term and an opinion filed; afterward a rehearing was granted upon petition of appellants.

Appellants contend, on page 4 of their petition for a rehearing, "a specific sum due a school district must be brought by the school district in its own name." Also, on page 6 thereof, "again, we suggest that there is no Act of the Legislature making township trustees fiscal agents for school districts; permitting them to maintain suits to recover funds accruing to the school districts, although they are, however, fiscal agents for the township and township funds."

Cahill's St. ch. 122, ¶ 20, provides: "The school business of all school townships shall be transacted by

three trustees. . . .` Such trustees shall be a body politic and corporate. . . . Such corporation shall have perpetual existence, with power to sue and be sued.''

In section 41 of the act, Cahill's St. ch. 122, ¶ 41, it is provided: ''The trustees of schools shall cause all moneys for the use of the township and the districts to be paid to the township treasurer.'' In section 71 of the act, Cahill's St. ch. 122, ¶ 71: ''The township treasurer shall be the only lawful depositary and custodian of all township and district school funds, and shall demand, receipt for and safely keep, according to law, all bonds, mortgages, notes, moneys, effects, books and papers of every description belonging to his township.'' Section 70, Cahill's St. ch. 122, ¶ 70, obligates the treasurer to keep a complete set of records, showing all the receipts and disbursements of township and school district funds, as well as to record the proceedings of the meetings held by the trustees. By section 38, Cahill's St. ch. 122, ¶ 38, authority is granted the trustees, at each semiannual meeting, and at such other meetings as they may think proper, to examine all books, accounts and vouchers of the treasurer, and to make such order for their security or collection as may be necessary.

As will thus be seen, the treasurer is made the only lawful custodian of school funds, both those of the township, as well as the several districts; the trustees are required to cause such funds to be so deposited with the treasurer; the latter is required to keep an accurate and true account and record of such funds, their receipt and distribution; the trustees are charged with transacting all the school business of the township, and are empowered to examine the accounts and records of the treasurer and make all necessary orders for the collection and preservation of the school funds and property.

The funds belonging to the several school districts do not go into the keeping of the directors, but are, by the statute, to be paid to the treasurer, to be by him kept and paid out upon the order of the district directors.

That a suit for the recovery of such moneys should be instituted by and in the name of the trustees, appears to be settled by the decisions of both our reviewing courts. In *Tappan v. People,* 67 Ill. 339, the action was in the name of the People, for use of the trustees of schools, to recover from the county collector and his sureties on his official bond the amount of tax levied by the eight school districts of the township, and by him collected. It was objected that the suit was wrongfully brought; that it should have been for the use of the township treasurer, or for the use of the school districts. The court, however, held that the contention was unfounded, and that suit was properly brought for the use of the trustees of schools of the township.

*Trustees of Schools v. Stokes,* 3 Ill. App. 267, was an action by trustees of schools against a township treasurer who failed to pay over to his successor the school funds in his hands as such treasurer. The court discussed the question whether the action should have been for the use of the school districts of the township, and concluded: "We are, therefore, clear in opinion that when a delinquent treasurer goes out of office and retains moneys which he received by virtue of his office, and refuses to pay the same to his successor in office, that a right of action is created thereby in favor of the board of trustees, and against the delinquent and his sureties upon his official bond, whether an apportionment or division of the fund has been struck or not among the various districts of the township. And when an apportionment has been made to the several districts, it is not necessary that the board should sue to the use of the districts. The money re-

covered would be held in trust for the districts entitled to the same, according to the apportionment.'' And so in the instant case, the money recovered in the pending suits would be deposited with the township treasurer, and by him held for the benefit of the several districts in the proportion to which they were entitled to same.

Aside from the authorities, it appears that appellants, by their bill, have not questioned the right of the trustees to bring the suit, but have only challenged their authority to prosecute same by private attorneys, rather than the State's attorney of the county. They, not having set forth in their complaint that the trustees were not the proper authority to bring the suits, cannot now raise the question, and the objection is without force.

It is strongly insisted by appellants that the State's attorney, unless he be disqualified, is the proper official to represent the trustees in such suits, and cite in support of the argument Clause 2 of section 5, Cahill's St. ch. 14, ¶ 5, providing, among other things, that the State's attorney shall prosecute all actions for the recovery of money due to the State, his county, or any school district or road district in the county; also, section 6, Cahill's St. ch. 14, ¶ 6, to the effect that if the State's attorney be disqualified from acting, the Attorney General shall be requested to proceed, and if he fail or refuse to act, then the court in which the action is pending may appoint some competent attorney for the purpose. The appellants urge that appellees were without any legal right to employ private attorneys in the matter, and could only rely therefor upon the State's attorney, or, if he were disqualified, then their only recourse would be the Attorney General, or some attorney to be appointed by the court, as provided in said section 6; while appellees contend that they, as trustees of schools, had a discretion as to the matter of bringing the suit, and as an incident

thereto, the control of the proceedings, and the right to choose the attorney who should institute and prosecute same.

In *Ottawa Gas Light & Coke Co. v. People,* 138 Ill. 336, where the county board of LaSalle county had employed an attorney, other than the State's attorney, to bring suit for delinquent taxes, the contention was urged, as is here presented. The court, after referring to said section 5, Cahill's St. ch. 14, ¶ 5, stated: "We are not disposed, however, to hold that the county board is, by the statute defining the duties of the State's attorney, denied the power and authority to select and empower any competent attorney to represent the People in beginning and prosecuting suits to recover delinquent taxes. Notwithstanding the statute last referred to, it is manifest that the State's attorney could not, of his own motion, begin and carry forward proceedings of this character. Whether or not resort shall be had to proceedings at law to recover of property owners the overdue and unpaid taxes levied thereon, rests in the discretion of the county board; and we have no doubt that under the general power of the county board, as the fiscal agent of the county, it has the inherent right to direct the course of the proceeding, and select the persons and agencies through whom it will act."

In *People v. Straus,* 266 Ill. App. 95, the court discussed the opinion in *Ottawa Gas Light & Coke Co. v. People, supra,* and held, after a review of authorities, that the holding therein declared, had not been overruled, and that same was the law of the State.

Appellants seek to avoid the force of these authorities by contending that in each instance the decision was based upon a statute which conferred authority upon the county board to sue for delinquent taxes. It will be observed that in the pending suit, said section 20, Cahill's St. ch. 122, ¶ 20, constitutes the trus-

tees a body corporate, with power to sue. Section 41, Cahill's St. ch. 122, ¶ 41, requires them to cause all moneys, for the use of the township or the several districts, to be paid to the township treasurer. The only means at their command of exercising such action, or of discharging their duty to the township or the districts, in relation to such moneys, would be by suit for their collection; otherwise the command of the statute would be futile. In these two sections just quoted, is statutory authority for the bringing of legal action to secure funds, due to the township or the districts, that same may be placed in the custody of the township treasurer, which section 71, Cahill's St. ch. 122, ¶ 71, constitutes the only lawful depository therefor.

The parallel between the situation in the cases of *Ottawa Gas Light & Coke Co. v. People, supra,* and the instant case, is marked. Paragraph 2 of said section 5, Cahill's St. ch. 14, ¶ 5, provides that the State's attorney shall prosecute all actions for the recovery of revenues, moneys, etc., accruing to his county, or any school district in his county; they therein sued for money due the county as delinquent taxes. The statute just quoted made it the duty of the State's attorney to bring and conduct the suit. It was as much the statutory duty of the State's attorney to conduct the suit for the county seeking to recover delinquent taxes, as to proceed for the collection of funds due to a school district, and yet the Supreme Court held that despite the statute, the county board might, in its discretion, engage another attorney for the purpose, because of its general power as fiscal agent of the county.

The word "fiscal" has been defined as relating to accounts or the management of revenue. Black's Law Dictionary, p. 502. By applying the definition to section 20 of the School Act, Cahill's St. ch. 122, ¶ 20, which commits the business affairs of the school town-

ship to the trustees of schools, with power to sue and be sued; to section 41, which requires the trustees to cause the funds of the township and the school district to be deposited with the township treasurer; to section 38, which obligates the trustees to examine the accounts of the treasurer and make the necessary orders for their preservation and collection, and which, as we have previously seen, includes both funds of the township and the various districts; and to section 35, which, after providing for the payment of certain costs of administration, directs the trustees to apportion the funds remaining to the various school districts, it seems clear that trustees of schools are the fiscal agents for the business of their townships, of which the funds of the various school districts are a part, and, as such, have the management of such funds and financial affairs, as much so as does the county board with relation to the finances of the county.

From the sections of the statute quoted, and the decisions referred to, bearing upon the question, it appears manifest that the trustees are given control of the school business of their townships; are charged with its transaction, and are empowered to sue for moneys due the township or the school districts; that within the letter and the reason of the rule as declared in *Ottawa Gas Light & Coke Co. v. People, supra,* they are vested with a discretion in the matter of its collection, and, as therein stated, have the "right to direct the course of the proceedings, and select the persons and agencies through whom they will act."

We think the trustees, in the instant case, had the right, if they thought it for the best interest of the public which they represent, to employ private attorneys to bring and prosecute the suits in question, and that the chancellor was right in overruling the exceptions to the answer.

*Decree affirmed.*