Chief Justice Robertson
delivered the Opinion of the Court.
John Yantis sued Samuel Lusk, administrator cum testar mentó of Joseph P. Letcher, deceased, in assumpsit, for one half of a sum of money which he (Yantis) alleged that he had paidto Nelson Burdit, in discharge of a joint and several promissory note, which had been given by Benjamin F. Yantis, as principal, and the said John Yantis and Joseph P. Letcher, as his sureties.
Having proved, on the trial upon the general issue, that, after the note became due and payable, the testator and co-surety Letcher had regularly notified the obligee, *n wrhing, that, unless suit should be brought on the note within sixty days, he would consider himself discharged, anc[ a[so that suit was not instituted until more than six . months after the service of the notice, and was then l3roug^lt against John Yantis alone — Lusk, the plaintiff in error, asked the Court to instruct the jury, that the notice and failure to sue to the first term, or within sixty days after the service of the notice, not only exonerated Letcher from liability on thé note, to Burdit, but presented an effectual bar to this suit for contribution. But the court refused to give the instruction; and instructed the jury, that the notice did not “release the liability to the co-surety,” and that he had a right (o recover, in this action, one half of whatever he had been compelled to pay to Burdit, unless the suit had been delayed at his instance or request. And thereupon verdict and judgment were rendered in his favor, for two hundred and eighty dollars, in damages.
As the notice seems, from the proof, to have been such as is prescribed by the fifth section of the act of assembly of 1828 (2 Stat, Law, 1442,) it is the opinion of this Court that, if the note was given since the date of *161 that act, the defendant in error had no right to recover. The sixth section of the same statute (lb. 1443,) discharged Letcher from all liability to Burdit, And the statute can have no consistent effectual operation, if, after being discharged from the obligation to Burdit, the -obligee, Letcher, was nevertheless liable to make contribution to his once co-surety, either to help him pay Burdit, or to reimburse any portion of an actual payment made when they were not co-sureties.
The only reason why a surety is entitled to contribution from a co-surety, is because the burthen is joint, and, as between themselves, both of Ahem are bound equally to sustain it. When one discharges an obligation binding in equal degree oh himself and another, he has paid a debt for both, and is entitled to restitution from the other to the extent of his ratio of liability, as between themselves. But unless when payment was made by one, another was also under some obligation to pay the same debt or some part of It, he cannot, by mere Implication of law, be liable for contribution for an act ■done without his privity or authority.
If Letcher was exonerated from all liability to the obligee, we cannot perceive any reason for presuming that he was responsible to Yantis, who elected to remain bound for the debt. He could not be responsible on the ground that, at the time of payment, he was bound as a-co-surety. Nor could he have been liable in Consequence of any agreement for contribution implied by the act and at the time of signing the bond to Burdit.
For, had there been any such implied understanding, it was qualified by the contingency contemplated and provided for by the foregoing enactment of 1828; and, of course, the perfect exoneration of Letcher from all the consequences of signing the bond would not impair the obligation of any contract.
Had Burdit expressly and bona fide released Letcher, and had Yantis afterwards paid the debt, he would have had no right to claim any contribution. And, if Letcher was released by operation of law, it seems to us that his exoneration was, in all respects, equally as perfect, comprehensive and effectual — and even more certainly so.
Inasuit, for contribution, by one surety, who has paid the debt*' against another,, who claims to be exonerated by having given notice to sue, under act of 1823, the question, whether the contract for which they were the sureties, was made before or after the act, is a question for the jury. Instructions that assume that it was made before, or pass over the question-as immaterial,are-erroneous.
*162 There is nothing in the statute of 1828 which can, consistently with its tenor, object and beneficial’ operation, be so construed as to have made Letcher liable for contribution to Yantis. The last proviso prudently restricts the exoneration to the surety himself who seeks it, and to the particular liability specified in his notice. Without such a saving provision, there might have been danger that the whole obligation might have been discharged — and to avoid such a consequence was the only object of that proviso. It could not have been intended to mean that, notwithstanding the discharge of a surety from all obligation to the obligee, he should be liable for ■ contribution to his co-surety. Such a provision’ would be, not only anomalous and unreasonable, but, in a great degree, if not altogether, incompatible with the principal end and policy of the statute. Why exonerate 'a surety from his liabilty to the obligee, if he be still bound to another as co-surety for the same debt? Had the exonerated party never been discharged, he would have been bound to contribute only a part of the debt, or would have been entitled to contribution of part; and if, notwithstanding his discharge, he be still liable for contribution in the same ratio, the benefit to himself of his exoneration from the obligee, would be more like fiction than fact — shadow than substance. The object of the statute was to give a right to safety or exoneration altogether. And if one surety, more confiding or less prudent or vigilant, shall choose to be passive, and let the obligee indulge the principal obligor as long as he may please to do so, he has no right to complain because a co-surety, unwilling to incur the hazard of longer delay, had been discharged from his obligation by proceeding according to a law under which the contract was made.
The statute was intended for a practical and beneficial purpose; and is peremptory, and conclusive as to the surety’s discharge from his preexisting obligation for the debt; and not being liable for any part of the debt, he would not, by legal intendment, be • liable to contribution for any payment of that which he did not owe.
But the record does not show the date of the obligation toBurdit; and therefore, as the statute of 1828 ap *163 plies only to contracts made' since the enactment of it, this Court cannot judicially determine, that the Circuit Judge erred in overruling the peremptory instruction, proposed by the plaintiff in error. However, as the record exhibits some facts tending, though remotely, to show that the note was given since the passage of the act of 1828, the Coúrt erred in instructing the jury, that they should find for the defendant in error, if they should find that he had made payment to Burdit: — for, according to the interpretation of the statute now given by this Court, the payment to Burdit did not entitle the defendant in error to contribution from Letcher, if he (Letcher) had been previously exonerated from liability to Burdit, and he appeared to have befen so exonerated if the bond was not given until since the passage of the act of 1828 ■ — as to which the jury was improperly concluded by the instruction, which assumed either that the note was given prior to the passage of the act of 1828, or that the time when it was given was immaterial.
Declarations of a creditor, or of his agent, that the principal debtor hadpaidthedebt, are not evidence against a surety who has paid the debt, in his suit against a co-surety, for contribu.tion.
The Circuit Judge also erred in refusing to exclude the testimony respecting an alleged payment by Yantis, to the attorney of Burdit, in the State of Missouri.
The only testimony as to that fact, was that the attorney had informed Burdit by letter, that he had collected the debt from Yantis.
Now proof, that Burdit himself had said, that Yantishad paid him, would not have been legal evidence of the fact of payment, against a stranger to the transaction, as Letcher or his representative was. And, a fortiori, the fact that Burdit’s attorney had said that Yantis had paid him, is not evidence against the plaintiff in error,, of the fact of payment.
Wherefore, it is considered by this Coiirt, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.