JUDGE LINDSAY
delivered the opinion oe the court.
Farmer and Young were the sureties of G. T. George, a constable of Ballard County. A cause of action for money collected and not paid over on demand accrued against George and his said sureties in favor of Anderson and Watts in October, 1858. In June, 1865, they sued George and Farmer, and in October, 1866, recovered judgment against them. This judgment, amounting to one hundred and fifty dollars, was subsequently paid by Farmer.
This action was instituted by him against the heirs at law of Young, now deceased, to enforce contribution, George, the principal, being insolvent. Various questions are raised as to the sufficiency of their pleadings, and as to instructions given and refused by the court upon the trial, the result of which was a verdict and judgment in favor of Farmer. The essential question is whether Young’s heirs are bound to contribute under the state of facts set out.
At the time judgment was- rendered against Farmer the statute of limitation would have barred an' action against Young. He was no longer bound to the plaintiff. The payment of the judgment by Farmer relieved Young of no burden, placed him in no better attitude than he occupied before; in fact, if it raised an implied assumpsit upon his part to pay to Farmer one half the amount paid by him to the execution plaintiffs, then it imposed upon him a liability which did not theretofore exist, and was a positive injury to him. Anderson and Watts had the legal right to sue all or either of the parties to the constable’s bond. If while the suit was pending against Farmer the statute of limitation was about to release Young *316 and shift the entire responsibility upon him, he had it within his power, by availing himself of the provisions of the statute, to compel the plaintiffs to sue his co-surety, or to release him from all liability except for his proper share of the debt. (Sec. 10, chap. 97 of the Revised Statutes, 2 Stanton, 399.) He failed to do this, and he now insists that because he neglected to avail himself of a plain legal remedy a party not in default ought to be deprived (for his benefit) of the right to rely upon the statutory bar.
Upon a casual examination the opinion in the case of Bowman v. Wright (7 Bush, 375) seems to support this view; but in that case Bowman and Wright were not co-sureties. Bowman was the acceptor of a bill of exchange, and Wright, an indorser, was his surety. He paid it under a judgment after the statute would have released Bowman as against the holder; but as to Wright, Bowman was all the while the principal, and the statute of course will not begin to run in favor of the principal against his surety until the latter pays his debt.
We are of opinion that the pleadings and proof in this case show that Young’s heirs are not liable to Farmer for any portion of the amount paid by him on the judgment of Anderson and Watts;' it is therefore unnecessary to examine the minor questions presented in the argument of counsel.
The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.