CHARLES KIMBALL, guardian, *vs.* ELIZA M. PERKINS, administratrix.

Essex. Nov. 6, 1880. — Jan. 6, 1881. AMES & ENDICOTT, JJ., absent. LORD, J., did not sit.

It is within the authority of this court, at the hearing upon an appeal from a decree of the Probate Court allowing the account of a guardian, to inquire into the propriety of an investment objected to by the appellant, and, upon being satisfied that it has been negligently and improvidently made, and that the subject-matter of it was of less value than as stated in the schedule annexed to the account, to charge the guardian with the full amount thereof in money.

APPEAL, by the administratrix of the estate of Elisha Perkins, an insane person, from a decree of the Probate Court, allowing the account of the appellee as guardian of Perkins. At the hearing before *Soule*, J., the following facts appeared:

In the account entitled "the second account" the appellee charged himself with the balance of a former account and with moneys received since its allowance, credited himself with sundry payments; and admitted a balance in his hands of $4882.90, invested as set forth in a schedule annexed. One item of this schedule was, "Note of Margaret A. and Luther P. Whipple, dated January 15, 1873, and secured by mortgage of real estate, $2200."

The appellant offered evidence tending to prove that this note was made payable to " Charles Kimball, guardian of Elisha Perkins," and was secured by an assignment of a mortgage of land in New Hampshire, made in the same form; that this investment was injudicious and improvident; that the note could not be

collected, and that the mortgage was of comparatively little value when taken, and ever since. The appellee had tendered the note and mortgage to the appellant, who had refused to accept them.

The appellee contended that this question was not open upon this account and this appeal; that the schedule was no part of· the account; and that the question raised could not be tried, until the appellee undertook to charge off this investment, and credit himself with the amount of it as a loss.

But the judge ruled otherwise; found as a fact that the investment was improvidently and carelessly made; ordered that the decree of the Probate Court, so far as it related to the amount of balance in the hands of the guardian, be affirmed, the appellee required to account for the amount of the investment, $2200, and the case remitted to the Probate Court for further proceedings, and reported the case for the consideration of the full court.

If the decree so ordered was authorized by the finding that the investment was improper and improvident, and that the note and collateral security were worth less than the money invested in them, and such question was open upon this account and this appeal, a decree was to be entered accordingly; otherwise, such decree as to the court should seem proper.

*G. F. Mears*, for the appellant.

*S. B. Ives, Jr.*, for the appellee.

GRAY, C. J.   A guardian has not, as an administrator has, the legal title in the property of which he is the custodian. *Harding* v. *Weld*, 128 Mass. 587, 591. The guardianship had been terminated by the death of the ward, and the object of settling the account of the guardian was to ascertain what estate and effects of the ward remained in his hands and should be paid over or delivered to the administratrix of the ward. Gen. Sts. *c.* 109, § 16, *cl.* 4. The guardian had invested funds of the ward in a certain note and mortgage, and had tendered this note and mortgage to the administratrix, who had refused to receive them. In his account, he charged himself with a balance in money, invested as particularly stated in a schedule exhibited with the account; and that schedule, and consequently that balance, were made up by computing this note and mortgage at their full amount.

Even if this account should not be considered a final account, and if the allowance thereof as rendered might not preclude the court, upon the rendering of a future account, from inquiring how far the guardian should be charged with any loss by reason of this investment, yet it was within the authority of the Probate Court, and of this court as the Supreme Court of Probate, upon the objection of the administratrix to the allowance of this account, to inquire into the propriety of this investment, and, upon being satisfied that it had been negligently and improvi-dently made, and that the note and mortgage were of less value than as stated in the schedule, to charge the guardian with the full amount thereof in money, and thus prevent future contro-versy between the guardian and the ward's representatives as to this matter. Gen. Sts. *c.* 98, § 12. *Boynton* v. *Dyer*, 18 Pick. 1. *Blake* v. *Pegram*, 101 Mass. 592, 598.

The decree of the Probate Court must therefore be modified according to the opinion of the justice of this court before whom the cause was heard.                    *Decree accordingly.*