KUGLER vs. PRIEN, imp.

*January 15 — February 3, 1885.*

*Guardian and ward.*

No action at law for moneys in the hands of the guardian can be maintained by a ward until the guardian's accounts have been settled in the county court.

APPEAL from the Circuit Court for *Columbia* County.

The defendant *Prien* appealed from an order overruling a demurrer to the complaint. The facts sufficiently appear from the opinion.

*G. W. Stephens,* attorney, and *P. G. Stroud,* of counsel, for the appellant, cited *Critchett v. Hall,* 56 N. H. 324; *Waterman v. Wright,* 36 Vt. 164; *Gregg v. Gregg,* 15 N. H. 190; *Kittredge v. Betton,* 14 id. 401; 3 Redf. on Wills, 266–459; *Woodbury v. Hammont,* 54 Me. 332; *O'Brien v. Strang,* 42 Iowa, 643; *Willis v. Fox,* 25 Wis. 648; *Batchelder v. Batchelder,* 20 id. 452; *German Bank v. Leyser,* 50 id. 258; *Lannon v. Hackett,* 49 id. 261.

For the respondent no brief was filed, but there was oral argument by *J. M. Olin.*

COLE, C. J.    This is an action at law to recover of the defendant *Prien*, $400, alleged to be in his hands as guardian, belonging to the plaintiff.    The other defendants are sureties on the guardian's bond, but no judgment is asked against them.    The complaint states in substance that *Prien* was duly appointed guardian of the plaintiff and two other minors; that as such guardian he received $600 belonging to his wards; that he has paid over to one of the wards his share, but has never settled or paid over to the plaintiff the share belonging to him, although he is of age, and has demanded the same; that the amount in the hands of *Prien* belonging to plaintiff is $400, which *Prien* refuses to account for or pay over, and is justly indebted to the plaintiff in that sum.    These are the material facts stated constituting the cause of action.

There is no allegation that *Prien* has ever settled his accounts as guardian with the county court, or that he has been cited by said court to settle them and refused to do so, or that he has settled his accounts with the plaintiff after the latter arrived of age; and the main objection taken to the complaint on the demurrer is that an action at law to recover money in the hands of the guardian should not be maintained by the ward before the guardian's accounts have been settled in the county court.    It is said that our statute gives the county court ample jurisdiction over the matter of the accounts of guardians, and that it would be unwise and inconvenient to allow the ward to maintain an action against the guardian while the guardian's accounts remain unsettled in that court.

It seems to us there is great force in this argument, and that it is the manifest policy of the statute to require the accounts between guardian and ward to be adjusted in the county court, rather than by an action at law in the circuit court.    The county court appoints the guardian; approves of the bond which the guardian gives for the per-

formance of his trust; receives the inventory of the ward's estate, and knows the condition of that estate.    It can, therefore, make all necessary orders for allowances for the support of the ward, and give any directions in regard to the management of the ward's estate which may be essential for the protection of the ward's interests.   In short, it has full power to compel the guardian to settle his accounts, and can possess itself of all the facts necessary for an intelligent settlement of such accounts more readily than  a jury possibly can do, and with less expense to the parties.   In view of these considerations, and of what seems to be the policy of the statute, we think no action at law for money in the hands of the guardian should be  brought by the ward until the guardian's accounts have been settled in the county court.    That tribunal is invested with ample power to compel the settlement of guardian's accounts, and can do so more conveniently than the circuit courts.

In *Batchelder v. Batchelder*, 20 Wis. 452, an action in equity was brought to enforce a provision made in a will for the support of the plaintiff.   In deciding the case, this court said that no special facts were stated showing a necessity for a court of equity taking jurisdiction over the estate and executing the trust, and that the county court could afford complete relief.   The complaint was held bad.    *Willis v. Fox*, 25 Wis. 646, was an equitable action, and it was said that courts of equity should not exercise jurisdiction over guardians and compel them to account, except where some special reasons were shown for withdrawing the matters from the county court.   In that case it was thought that the question as to the alleged mismanagement of the ward's estate was a sufficient reason for the circuit court entertaining jurisdiction.   Whether the doubt there expressed, that the county court could not fully investigate that matter and give the proper relief, was well founded or not, certain it is the jurisdiction of the circuit court was sustained on that

ground.  *Catlin v. Wheeler*, 49 Wis. 507, was a suit in equity to enforce the payment of certain legacies.  The original equitable jurisdiction of the circuit court was sustained upon the facts stated in the complaint, which were somewhat peculiar.  It is said in that case that it has already been decided by this court that the county courts have jurisdiction in such matters, concurrent with the circuit court, by force of the statute.  But these were all equitable actions.  But, as we have said, this is an action at law, and because the county court has power, under the statute, to enforce a settlement of guardians' accounts,— can protect and secure the rights of all parties interested at much less expense than can be done in the circuit court, we think the plaintiff should resort to-that tribunal for relief.

It follows from these views that the demurrer to the complaint should have been sustained.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings.