JOHN W. MCKIM, Judge of Probate, *vs.* NEHEMIAH P. MANN, JR., & another.

Suffolk.   Nov. 16, 1885. — May 6, 1886.   DEVENS & GARDNER, JJ., absent.

Section 28 of the Pub. Sts. *c.* 139, providing that "no action shall be maintained against the sureties on a bond given by a guardian, unless such action is commenced within four years from the time of the discharge of the guardian," begins to run from the death of the ward; and the further provision of the statute, that, "if at the time of such discharge the person entitled to bring such action is out of the Commonwealth, the action may be commenced at any time within four years after his return." does not apply to the case where an administrator of the ward's estate is not appointed until more than four years after the death of the ward.

CONTRACT against Nehemiah P. Mann, Jr., and Pliny Nickerson, upon a probate bond executed by the first-named defendant as principal, and the other as surety, and conditioned for the faithful performance by the principal of his duties as guardian of Mary I. Mann and William J. Mann, minors. Writ dated April 26, 1883. The case was submitted to the judgment of this court upon agreed facts, in substance as follows:

This action is brought for the benefit of John F. Kimball, as administrator of the estate of William J. Mann, one of the minors mentioned in said bond. There has been a breach of the condition of the bond, and the plaintiff is entitled to judgment against both defendants, unless the action against the defendant Nickerson is barred by the statute of limitations, upon which he relies. William J. Mann died, under age, on August 25, 1876. Said Kimball was duly appointed administrator of the estate of William J. Mann on September 7, 1880, no previous administration having been granted on said estate. The defendant Mann has retained in his hands the estate of William J. Mann, amounting, on January 1, 1883, as appears by his account allowed on that day, to the sum of $17,972.75, part of which sum he still owes to said estate.

If, on these facts, this action against the defendant Nickerson is barred, judgment is to be entered in his favor for his costs, and for the plaintiff against the defendant Mann; otherwise, for the plaintiff against both defendants, for the penal sum of the

bond; and, in either case, execution is to issue only for the sum of $8986.37, with interest from the date of the writ.

*H. N. Sheldon & F. T. Greenhalge*, for the plaintiff.

*W. G. Russell & J. Fox*, for the defendant Nickerson.

C. ALLEN, J. It has often been declared that a guardian has no legal title to the estate of his ward in his hands. *Chapin* v. *Livermore*, 13 Gray, 561. *Rollins* v. *Marsh*, 128 Mass. 116. *Kimball* v. *Perkins*, 130 Mass. 141. At the expiration of his trust, it becomes his duty to settle his account, and to pay over and deliver all the estate remaining in his hands, or due from him on such settlement, to the person or persons lawfully entitled thereto. Such is the condition of his bond. Pub. Sts. c. 139, § 22. He has no longer any duty or power in reference to the management of the estate, except merely to hold it for its preservation, and for the protection of any rights which may meanwhile need protection. The ward's death effectually dissolves the relation of guardian and ward, and leaves upon the guardian the duty of a mere custodian of the property. He can no longer appear in court to defend a suit against the ward. *Whitney* v. *Whitman*, 4 Mass. 508. In ordinary cases of agency, if the principal dies, the agency is determined by mere operation of law; and it will make no difference, even though the power is declared in express terms to be irrevocable. *Marlett* v. *Jackman*, 3 Allen, 287, 294. Story on Agency, § 488. No reason is apparent why a guardian's power should survive the death of his ward. Like other agents whose authority has ceased, he must hold the property remaining in his hands till it can be delivered over, and must settle his accounts; but his guardianship is at an end. And we cannot doubt that the death of the ward is a discharge of the guardian, within the meaning of the Pub. Sts. c. 139, § 28. *Loring* v. *Alline*, 9 Cush. 68. *Kimball* v. *Perkins, ubi supra.* This is a statute of repose. Four years are allowed within which to bring an action against the sureties. It is not the policy of the Legislature to keep the sureties liable for an indefinite length of time. Four years must have been assumed to be reasonable with respect to the rights of the sureties, and sufficient with respect to the rights of those interested in the ward's estate. The language of the statute is explicit. The period of limitation does not date from the time when an action has accrued, but from the time of

the discharge of the guardian. If no right of action has accrued within the four years, for want of necessary preliminary steps, that is the fault or the misfortune of those interested in the estate.

The case of the plaintiff is not saved by the latter portion of the statute. Where a guardian is discharged by the death of his ward, it cannot be said that, at the time of such discharge, the person entitled to bring such action is out of the Commonwealth. That provision of statute contemplates the absence from the Commonwealth of some person who is entitled to bring the action, or to have the action brought for his benefit, and who subsequently returns into the State.

In pursuance of the agreed facts, judgment must be entered for the surety, and for the plaintiff as against the principal on the bond.                                *Judgment accordingly.*