GEORGE H. HILL *vs.* SAVILLIAN ARNOLD & another.

Middlesex.    March 15, 1908. — May 21, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Limitations, Statute of.    Guardian.    Bond.    Words, "Discharge."*

Under R. L. c. 149, § 35, an action against the sureties on the bond of the guardian of an insane person must be commenced within four years from the time of the discharge of the guardian, unless at the time of such discharge the person entitled to bring such action is out of the Commonwealth, and the fact that the ward has been under the disability of insanity during the whole of the period does not affect the application of the statute.

Under R. L. c. 149, § 35, requiring that an action against the sureties on the bond of a guardian should be commenced within four years from the time of the discharge of the guardian, the death of the guardian is a "discharge of the guardian" within the meaning of the statute.

The general provision of R. L. c. 202, § 7, that if a person entitled to bring an action is a minor, or is insane or imprisoned when the right to bring such action first

accrues, the action may be commenced within the time limited by the statute of limitations after the disability is removed, is subject to the modification made by § 18 of the same chapter, that " if a special provision is otherwise made relative to the limitation of any action, the provisions of this chapter which are inconsistent therewith shall not apply." R. L. c. 149, § 35, in regard to the limitation of actions against the sureties on a bond given by a guardian, makes such a special provision.

APPEAL from a decree of the Probate Court for the county of Middlesex made on October 9, 1905, authorizing the petitioner to bring an action on the bond of one Willard Houghton as guardian of one George Houghton, an insane person.

The appeal came on to be heard before *Hammond*, J., who reserved it for determination by the full court, reporting the facts as agreed to by all the parties in interest. If upon the facts reported any action could be maintained against the sureties on the bond, the decree of the Probate Court was to stand ; otherwise, the decree was to be set aside so far as it related to the sureties.

The case was submitted on briefs.

*W. B. Grant & R. E. Joslin*, for the appellants.

*G. A. A. Pevey*, for the appellee.

KNOWLTON, C. J.   This is a petition for leave to bring a suit against the sureties upon the bond of the guardian of an insane person, and the only question in the case is whether the proposed action is barred by the statute of limitations. This statute, which is R. L. c. 149, § 35, is as follows: " No action shall be maintained against the sureties on a bond given by a guardian, unless commenced within four years from the time of the discharge of the guardian ; but if at the time of such discharge the person entitled to bring such action is out of the Commonwealth, it may be commenced within four years after his return." The guardian filed his first account about a year after his appointment, and to meet the requirements of his bond he should have accounted annually afterwards. He continued as guardian for nearly ten years, until his death on January 24, 1897, and he did not file a second account. This petition was filed on March 12, 1905, the petitioner having been appointed guardian of the insane person on March 2, 1905.

The death of the guardian was the " discharge of the guardian " within the meaning of the statute. *Loring* v. *Alline*, 9 Cush. 68,

70. *Harding* v. *Weld*, 128 Mass. 587, 591. *McKim* v. *Mann*, 141 Mass. 507. The case, therefore, comes directly within the prohibitive language of the law.

. The petitioner relies upon R. L. c. 202, § 7, which is a part of the general statute of limitations of actions, and which gives to minors and insane persons for bringing " such actions " the time limited in the previous sections of the chapter, after their disability is removed. But § 18 of this chapter provides that " if a special provision is otherwise made relative to the limitation of any action, the provisions of this chapter which are inconsistent therewith shall not apply." By reason of the special provision for a limitation upon actions on guardian's bonds, these actions do not come within any of the provisions for a limitation in this chapter, and the " such actions " mentioned in the section relative to minors and insane persons do not include these actions.

. The limitation as to suits upon guardians' bonds was intended to cover the whole subject of actions on such bonds. As was said in *McKim* v. *Mann*, 141 Mass. 507, 508, " This is a statute of repose. Four years are allowed within which to bring an action against the sureties. It is not the policy of the. Commonwealth to keep the sureties liable for an indefinite length of time. Four years must have been assumed to be reasonable with respect to the rights of the sureties, and sufficient with respect to those interested in the ward's estate." The only exception which calls for an extension of time is when the person entitled to bring such action is out of the Commonwealth.

In *Sweet* v. *Boston*, 186 Mass. 79, 82, we find this language : " It makes no difference that the petitioners were minors, . . . inasmuch as the statute makes no exception in their favor." A question closely analogous to that in the present case was decided in *Hall* v. *Bumstead*, 20 Pick. 2, 8, in which it was said that the statute of limitations, as to actions brought against the administrator of a deceased person, applies to minors as well as to creditors of full age. The court said : " We think it would make no difference if it should appear that the ward was under the disability of infancy during the whole or a part of the time that the estate was under administration. No such disability has ever been allowed as an avoidance of this statute. On the contrary, the lapse of time under this statute has been regarded

as an absolute bar to all claims. And we think it is right that it should be so. If the guardian died while the ward was still under age, a new guardian could have been appointed in the mode provided by law to look after her property in the hands of the former guardian, and to claim it of the surety if the principal made default or proved insolvent." This language is equally applicable to the statute now before us.

*Decree reversed.*