[Civ. No. 561.  Third Appellate District.—March 1, 1909.]

In the Matter of the Estate of GEORGE S. McPHEE, Deceased.  ALTA McPHEE, Contestant, Respondent, v. J. S. CORRIGAN, Administrator, Appellant.

ESTATES OF DECEASED PERSONS—ORDER SETTLING ADMINISTRATOR'S ACCOUNT—CONTEMPORANEOUS ORDER REQUIRING FURTHER SECURITY.— The fact that on the same day as that of the settlement of the final account of the administrator, the petition of an heir to require him to give further security was heard, and a contemporaneous order was made requiring further security to be given within ten days, in default of which his letters were to be revoked, does not imply that the orders are inseparable, or that the order requiring further security is dependent upon the order settling the account. Evidence may have been taken on one petition which had no bearing on the other, and yet both be heard together as a matter of convenience.

ID.—APPEAL FROM ORDERS SETTLING ACCOUNTS AND FOR FURTHER SECURITY—ABSENCE OF STAY—ORDER REVOKING LETTERS.—The order for further security is not appealable, and an appeal taken from the order settling the account, including the order for further security, which does not include any stay, does not preclude an order revoking the letters of the administrator for noncompliance with the order for further security, or affect the jurisdiction of the court to revoke the letters of administration, pending such appeal.

ID.—DEFICIENCY IN ASSETS OF ADMINISTRATOR TO BE CONSIDERED.— When the settlement of the final account of the administrator

showed that he was indebted to the estate in a sum exceeding $21,000, and the petition for further security showed his insolvency, and that the security before given had become inadequate, the court had the right to consider his large indebtedness to the estate in fixing the amount of the bond required, notwithstanding the pendency of his appeal from the justness of the settlement.

ID.—INTENDMENTS IN FAVOR OF ORDER REVOKING LETTERS.—Every intendment is to be indulged in favor of the order revoking the letters of the administrator upon his appeal therefrom, and these intendments also apply in favor of the order requiring the further security, upon which the order appealed from was based.

ID.—DISCRETION OF COURT EXTENSIVE AS TO SECURITY.—The superior court has a large discretion in the matter of requiring further security, which does not entirely depend upon the amount of the indebtedness of the administrator to the estate. Though in fixing his bonds the statute defines a limit, below which he cannot go, his discretion is not controlled thereby. The bond is to be conditioned for the faithful performance of the duty of the administrator, and the court must determine to what extent security is necessary to the performance of duty.

ID.—DISCRETION NOT REVIEWABLE UPON APPEAL.—No appeal being given in the matter of an order requiring further bonds, the court's discretion in that matter cannot be disturbed upon appeal, and it can only be reviewed upon *certiorari*, if jurisdiction is exceeded.

ID.—POWER OF COURT TO REVOKE LETTERS.—The court may revoke the letters of an administrator, when upon the filing of his account it shall appear that he has been guilty of neglect, or has embezzled or mismanaged the estate.

ID.—REFUSAL OF ADMINISTRATOR TO OBEY ORDER OF COURT FOR SECURITY—DUTY TO REVOKE LETTERS.—The administrator having refused to obey the order of the court to furnish additional security, the only course open to the court was to revoke his letters.

APPEAL from an order of the Superior Court of Mendocino County revoking letters of administration. Emmet Seawell, Judge presiding.

The facts are stated in the opinion of the court.

Weldon & Held, Myrick & Deering, and James W. Scott, for Appellant.

Charles E. Wilson and J. W. Preston, for Respondent.

CHIPMAN, P. J.—Appellant was administrator of said estate, having been appointed as such, June 9, 1899; he had

neglected to file his annual account and on August 21, 1906, he was cited to render an account of his administration; on September 24, 1906, he filed an account, which being objected to by respondent, Alta McPhee, contestant and heir of deceased, was referred to a referee to take and state the account and on May 27, 1907, he rendered his decision, and exceptions having been taken thereto, the matter was submitted to the court for decision on September 27, 1907, and on January 8, 1908, the court settled said account adjudging the sum of $21,475.67 to be due from said administrator to said estate.

On August 10, 1907, respondent filed her petition in said matter setting forth the above facts up to and including the reference of said account and stating that by his report the referee had found the administrator indebted to the estate in the sum of about $25,000; that the administrator had given the Pacific Surety Company as his bondsman in the sum of $22,500 and no more; that the said bond is insufficient and "petitioner further alleges that said Pacific Surety Company denies its liability to a large extent upon the said bond, claiming that Matie McPhee, the widow of said George S. McPhee, deceased, released the said surety company in so far as she could do so from all liability upon the said bond. That the bond of said administrator is, therefore, an unsatisfactory, insufficient and doubtful one. That J. S. Corrigan, the said administrator, is wholly insolvent and unable to respond to any damages to this petitioner or to any of the persons interested in said estate to any amount whatever. . . . That for the reasons above set forth the said bond of the said administrator is insufficient." Wherefore petitioner prayed that citation issue, a hearing be had, and that said administrator be required to file such additional bond as the court may direct.

This petition was heard with the petition for an accounting and on the same day that the court made its order settling the account, to wit, January 8, 1908, it made a further order "pursuant to a petition therefor by Alta McPhee, and for the reason appearing in said petition and in the order settling the said account as aforesaid, to wit: that the sum of $21,-473.67 was then due from said administrator to said estate," and reciting also that "in addition thereto the annual rental value of the real property on hand belonging to said estate is

at least $300.00. And that the present bonds of said adminis-
trator are insufficient''—and decreed that the administrator
file an additional bond of $21,000 ''within ten days after
notice of the entry of the order and decree requiring the
same, and that if not so filed that the letters of administration
of the said J. S. Corrigan upon the said estate be revoked.''

On February 6, 1908, said administrator having failed and
neglected, after due notice of said order, to file any further
bond, the court filed an order revoking his letters and remov-
ing him as such administrator and purporting to be ''pursu-
ant to sections 1399 and 1400 of the Code of Civil Procedure.''

On April 3, 1908, said administrator served and filed his
notice of appeal to the supreme court from said order revok-
ing his said letters and filed his appeal bond in the sum of
$300 as provided by section 941 of the Code of Civil Pro-
cedure. ''No stay of proceedings in the matter of the appeal
from the order settling the final account of J. S. Corrigan was
ever asked or granted and the security required by law was
not limited or dispensed with as provided by section 946 of
the Code of Civil Procedure at all.''

It appears from the bill of exceptions that the administrator
proceeded under sections 953, 953a, 953b and 953c of the
Code of Civil Procedure, to perfect his appeal from the order
and decree settling his said account and from the order and
decree requiring security, and the transcript contains a notice
enumerating the papers, documents, records and testimony
taken before the referee and other matters specifically desig-
nated. This appeal is now pending before the supreme court.

Appellant's contention is that ''the order settling his ac-
count—which was appealed from—could not, before the sixty
days, be made the basis of an order revoking the administra-
tor's letters''; that the order revoking appellant's letters was
prematurely made, inasmuch as the order of January 8, 1908,
had not become final; that he was not in default and could not
so be held until the order of January 8th had become con-
clusive evidence of the amount due the estate; that under
section 1049 of the Code of Civil Procedure, the action or
proceeding ''is deemed to be pending from the time of its
commencement until its final determination upon appeal, or
until the time for an appeal has passed, unless the judgment
is sooner satisfied.''

Appellant relies upon *Cook* v. *Ceas,* 143 Cal. 221, [77 Pac. 65], where an action was commenced on a guardian's bond before the expiration of sixty days allowed by law to take an appeal from an order settling the guardian's account. The court held that the action would not lie either against the guardian or the sureties until the time for appeal had run and the order had become final.

Respondent's contention is that the petition for further security, though heard at the same time and with the account, was a separate and independent proceeding and had no connection with the proceedings in regard to the account; that the petition did not rest alone upon the fact that the referee had reported a large balance due the estate from the administrator but was based upon other considerations as well, namely, that the surety company had denied its liability upon the bond; that the administrator was insolvent and that he still had income producing real property in his hands belonging to the estate.

It is conceded that no appeal lies from the order requiring further security, but it is claimed that this order may be reviewed in the appeal from the order revoking his letters, which is an appealable order, and that as the order settling the account is still pending there is no basis for the order of revocation.

The evidence taken at the hearing of the referee's report or by him, upon the petition for an accounting, is not before us, nor is the evidence taken on the petition for further security. That these petitions were heard together and an order made in respect to both on the same day does not necessarily imply that they are inseparable, and that the order for further security is necessarily dependent upon the order settling the account. Evidence may have been taken on one petition which had no bearing upon the other, and yet both be heard together, as matter of convenience. Every intendment is to be indulged in support of the order revoking appellant's letters and this rule applies to the order requiring further security as well. The issue presented was the sufficiency of existing bonds, and this would not depend alone upon the amount of the administrator's indebtedness to the estate; there may be other considerations. The statute requires that his bond shall not be less than "twice the value of the per-

sonal property and twice the value of the annual rents, profits
and issues of real property." (Code Civ. Proc., sec. 1388.)
But the court has a discretion in this matter which the statute
does not control further than to impose a duty to fix the bond
at not less than a certain amount. The bond is given con-
ditioned on the faithful discharge of duty and the court must
determine to what extent security is necessary to give assur-
ance of such performance of duty. Furthermore, we think
the court has the right and the power to fix the bond upon
the amount it finds to be in the hands of the administrator
even though an appeal be pending from its judgment as to
the justness of that judgment. There is no other way to pro-
tect the estate pending the appeal, there being no bond beyond
sufficient to cover costs of the appeal. Suppose appellant's
bond previously given had turned out to be worthless as
security or had been given for a much less sum than required
by the statute, and when the account was settled the court
had discovered that there was insufficient or no security at all,
would the appeal from the order settling the account take
from the court the power to require security to be given pend-
ing the appeal? We do not think the law is so lame and
impotent as to lead to such conclusion.

The provisions of the statute relating to the giving of
bonds, sections 1397 to 1400, Code of Civil Procedure, seem
not to depend upon any other proceedings and devolve the
duty upon the court and its discretion cannot be disturbed by
appeal, for no appeal is given from its order, and can only
be reviewed by *certiorari.* (*Barrett* v. *Superior Court,* 111
Cal. 154, [47 Pac. 592] ; *Dahlgren* v. *Superior Court,* 8 Cal.
App. 622, [97 Pac. 681].) The court may upon its own
motion make inquiry into the sufficiency of the bond. (Code
Civ. Proc., sec. 1402.) And the court may revoke the letters of
an administrator when upon filing his account it shall appear
that "he has been guilty of neglect, or has wasted, embezzled,
or mismanaged the estate." (Code Civ. Proc., sec. 1626.)

In the case of *Cook* v. *Ceas,* 143 Cal. 221, [77 Pac. 65],
the action was against the sureties of the bond. Clearly, no
liability accrued until there was a final judgment fixing the
liability of the principal. Their liability was dependent upon
his. But the question here is not one of liability; it is one of
security to the estate and can in no wise affect anybody's, not

even the administrator's, ultimate liability. The court is called upon to exercise a wise and salutary discretion for the protection of the estate, and we do not think such discretion should be disturbed except for its abuse.

Appellant having refused to obey the order of the court to furnish additional security, the only course open to the court was to revoke his letters. This latter order, we think, the court had the power to make, and as no sufficient cause is shown for setting it aside, it is, therefore, affirmed.

Hart, J., and Burnett, J., concurred.