# A. J. GRONNA v. FRANK GOLDAMMER.

(143 N. W. 394.)

**Cosureties — bonds — payment — voluntary — statute of limitations — contribution.**

1. Payment by one of the cosureties on a bond, after the claim against him has been barred by the statute of limitations, is voluntary, and does not entitle him to contribution from his cosureties.

**Action — limitation — guardian — order of court — removing.**

2. Section 8284 of the Revised Codes of 1905, which provides that "no action can be maintained against the sureties on any bond given by a guardian unless commenced within three years from the discharge or removal of the guardian," etc., construed and *held*, that in order that the statute of limitations may begin to run it is necessary that a formal order of the court, discharging or removing the guardian, shall have been made.

**Cause of action — right — implication — subject — person.**

3. A cause of action implies a right to begin an action, and someone who has a right to sue and someone who may be lawfully sued. It involves both a subject of action and a person who is able and permitted to assert it.

**Ward — majority — right of action — guardian — sureties — accounting — county court.**

4. A ward, even after he has attained his majority, has no right of action against either his guardian or his sureties until an accounting has been had in the county court.

**Statute of limitations — sureties — bond — guardian.**

5. Section 6787, Rev. Codes 1905, which provides for a six-year statute of limitations in certain cases, has no application to a suit brought against the sureties upon a guardian's bond.

**Remedy — laches — barred — prejudice.**

6. Before a remedy will be barred because of laches, there must appear, in addition to mere lapse of time, some circumstances from which the defendant or some other person may be prejudiced, or there must be such lapse of time that it may be reasonably supposed that such prejudice will occur if the remedy is allowed.

---

Note. — The question as to when limitations commence to run against action for contribution between cosureties is treated in notes in 18 L.R.A.(N.S.) 585; 42 L.R.A.(N.S.) 1131; and 98 Am. St. Rep. 43.

**Guardian — duties — accounting — discharge — sureties — ward — action — right of.**

   7. Among the duties of a guardian the faithful performance of which his bond is given to secure are those of making timely and proper accountings. The sureties upon his bond have an equal right with the ward to institute proceedings for such. They are therefore not in a position to complain if the operation of § 8284, Rev. Codes 1905, which provides that no action can be maintained against such sureties unless commenced within three years from the discharge or removal of the guardian, is deferred by reason of the failure of the guardian to file his final account and obtain such discharge, even though the ward may have taken no steps to compel the same.

Opinion filed September 22, 1913.   On petition for rehearing October 13, 1913.

Appeal from the District Court of Nelson County, *Templeton,* J.
Judgment for defendant.   Plaintiff appeals.
Reversed.

Statement by BRUCE, J.

On August 6, 1900, plaintiff and defendant executed a statutory bond of one Frank Miller as guardian of Mary J. Miller, minor, under appointment of the county court of Nelson county, said bond being conditioned, among other things, that the said Miller should well and truly account for and pay over the property and estate of said ward when and as it should become his duty so to do, and when and as he should be directed and ordered by the county court.   The ward married in April, 1903, and became of age on June 13, 1903.   Miller failed to account for the property in his possession or to file the inventories required by law, and on January 20, 1910, the ward brought an action against the plaintiff and defendant, Frank Goldammer, who were sureties upon the bond of the guardian, Miller, to recover the full penalty thereof.   In this action Goldammer interposed the defense of the statute of limitations (§ 8284, Rev. Codes 1905), and as to him the action was dismissed by the court on January 8, 1912, for lack of prosecution.   The plaintiff, Gronna, however, defaulted, and a judgment was rendered against him for the sum of $550, the penalty of the bond and costs.   This judgment he paid, and then brought this action against his cosurety, Goldammer, for contribution and for half of sum so paid by him.   The defense of Goldammer in the action was that the statute of limitations had

run against the claim of the ward at the time of the bringing of the action against him and his cosurety, and that, as plaintiff had failed to avail himself of such defense, his payment of the judgment against him in that action was, so far as his cosurety was concerned, a voluntary payment, and that he therefore was not entitled to contribution. The trial court held in accordance with defendant's contention, and that § 8284, Rev. Codes 1905, was a complete defense to the original suit, and that as the defendant, Goldammer, had availed himself of it and that plaintiff had not, the latter was not entitled to contribution. It therefore dismissed the present action on its merits, and with costs. Plaintiff has appealed to this court.

*Scott Rex,* for appellant.

The mere coming of age of a ward does not *ipso facto* work a removal or discharge of the guardian, so as to start the statute of limitations running. Rev. Codes 1905, § 8284.

The coming of age of a ward operates to suspend—not to terminate— the power and authority of the guardian over the estate of the ward. Rev. Codes 1905, §§ 4139, 4140.

The *discharge* of a guardian can come only from the court. Rev. Codes 1905, § 4141.

Affirmative action by the county court is required to discharge a guardian. Rev. Codes 1905, §§ 8067, 8068.

There must be an adjudication of the county court over the settlement of the account of the guardian, and no action can be maintained on the guardian's bond until there had been such adjudication. Nickals v. Stanley, 146 Cal. 724, 81 Pac. 117; Kugler v. Prien, 62 Wis. 248, 22 N. W. 396; Re McPhee, 10 Cal. App. 162, 101 Pac. 530; Ball v. LaClair, 17 Neb. 39, 22 N. W. 118; Fidelity & D. Co. v. Schelper, 37 Tex. Civ. App. 393, 83 S. W. 871; Newton v. Hammond, 38 Ohio St. 430; Loring v. Alline, 9 Cush. 68; McKim v. Mann, 141 Mass. 507, 6 N. E. 740; Perkins v. Stimmel, 114 N. Y. 359, 11 Am. St. Rep. 659, 21 N. E. 729.

It is the *duty* of a guardian to account, and, failing to do so, it is the duty of the sureties to compel an accounting. Newton v. Hammond, 38 Ohio St. 430; Cook v. Ceas, 147 Cal. 614, 82 Pac. 370, 143 Cal. 221, 77 Pac. 65.

The law governing estates of decedents governs in guardianship cases. Rev. Codes 1905, § 8271.

Suit on an executor's bond cannot be maintained without first obtaining an order of the county court authorizing the same. Therefore, no suit could have been maintained by the ward, until an adjudication of the county court had been made. Rev. Codes 1905, § 8167.

*Frich & Kelly,* for respondent.

It is the general rule that "payment by one of the cosureties after the claims against them have been barred by the statute of limitations is voluntary, and does not entitle him to contribution from the other cosureties." 32 Cyc. 282; Cocke v. Hoffman, 5 Lea, 105, 40 Am. Rep. 23; Shelton v. Farmer, 9 Bush. 314; Cochran v. Walker, 82 Ky. 220, 56 Am. Rep. 891; Letcher v. Yantis, 3 Dana, 160; Wheatfield Twp. v. Brush Valley Twp. 25 Pa. 112; Bell v. Morrison, 1 Pet. 351, 7 L. ed. 174; Turner v. Thom, 89 Va. 745, 17 S. E. 323; Van Keuren v. Parmelee, 2 N. Y. 528, 51 Am. Dec. 322.

If a ward becomes of age or marries, the guardianship ceases by operation of law. Apart from either of these events, the guardian may be "legally discharged," even during the minority of the ward, or before marriage. Rev. Codes 1905, §§ 8236, 8242, et seq.

These events are disjunctively and separately stated in the statute, and are disconnected one from the other, by the use of the connective "or." Kuehner v. Freeport, 143 Ill. 92, 17 L.R.A. 774, 32 N. E. 372; Caster v. McClellan, 132 Iowa, 502, 109 N. W. 1020; 6 Words & Phrases, 5009.

A ward, after attaining majority, may settle accounts with his guardian and give a release. Such settlement, in the absence of fraud, is binding on the ward, with or without the sanction of the court. Re Curtis, 121 Cal. 468, 53 Pac. 936; Re Kincaid, 120 Cal. 203, 52 Pac. 492.

When the ward comes of age, the fiduciary relation of the guardian ceases. They stand as debtor and creditor, and any claim of the ward is subject to be barred by the statute of limitations. His cause of action accrues at his majority. Ackerman v. Hilpert, 108 Iowa, 247, 79 N. W. 90; Bull v. Towson, 4 Watts & S. 557; Blake v. Wolfe, 105 Ky. 380, 49 S. W. 19, 50 S. W. 2; State use of Henderson v. Henderson, 54 Md. 332; State use of Coleman v. Willi, 46 Mo. 236; State ex

rel. Harris v. Harris, 71 N. C. 174; Bone's Appeal, 27 Pa. 492; Re Miller, 26 Pittsb. L. J. N. S. 344; 21 Cyc. 247 (c) and notes 26 to 32; Paine v. Jones, 93 Wis. 70, 67 N. W. 31. See also cases cited infra.

The law prescribes a time in which the ward must act to fix liability on his guardian. Rev. Codes 1905, § 4141.

Section 8284, Revised Codes, is a special statute of limitations, for the benefit of sureties on a bond given by a guardian. Paine v. Jones, 93 Wis. 70, 67 N. W. 31; Levisu's Probate Code, 1877, § 387.

This statute does not place a limitation upon the ward's right of action against his guardian, but only against *the sureties* on the guardian's bond. Paine v. Jones, supra; Hudson v. Bishop, 32 Fed. 519; Berkin v. Marsh, 18 Mont. 152, 56 Am. St. Rep. 565, 44 Pac. 528.

The coming of age of the ward *terminated* the guardianship. The termination of the guardianship operated as a *discharge* of the guardian. Rev. Codes 1905, § 8284; Loring v. Alline, 9 Cush. 68; McKim v. Mann, 141 Mass. 507, 6 N. E. 740; Tate v. Stevenson, 55 Mich. 320, 21 N. W. 348; Hudson v. Bishop, 32 Fed. 519, affirmed in 35 Fed. 820; State use of Garesche v. Slevin, 93 Mo. 253, 3 Am. St. Rep. 526, 6 S. W. 68; Jones v. Jones, 91 Ind. 378; Harris v. Calvert, 2 Kan. App. 749, 44 Pac. 25; Mitchell v. Kelly, 82 Kan. 1, 136 Am. St. Rep. 97, 107 Pac. 782; Berkin v. Marsh, 18 Mont. 152, 56 Am. St. Rep. 565, 44 Pac. 528; Paine v. Jones, 93 Wis. 70, 67 N. W. 31; Ackerman v. Hilpert, 108 Iowa, 247, 79 N. W. 90; Goble v. Simeral, 67 Neb. 276, 93 N. W. 235; Wescott v. Upham, 127 Wis. 590, 107 N. W. 2; 21 Cyc. 248, 249, and notes.

BRUCE, J. (after stating the facts as above). It appears to be the general rule and to be conceded by both parties that "payment by one of the cosureties after the claim against him has been barred by the statute of limitations is voluntary, and does not entitle him to contribution from the other cosureties." 32 Cyc. 282; Cocke v. Hoffman, 5 Lea, 105, 40 Am. Rep. 23; Shelton v. Farmer, 9 Bush, 314; Cochran v. Walker, 82 Ky. 220, 56 Am. Rep. 891; Letcher v. Yantis, 3 Dana, 160; Wheatfield Twp. v. Brush Valley Twp. 25 Pa. 112; Bell v. Morrison, 1 Pet. 351, 7 L. ed. 174; Turner v. Thom, 89 Va. 745, 17 S. E. 323; Van Keuren v. Parmelee, 2 N. Y. 528, 51 Am. Dec. 322. Sec-

tion 8284 of the Revised Codes of 1905 provides, among other things, that "no action can be maintained against the sureties on any bond given by a guardian, unless commenced within three years from the discharge or removal of the guardian." The question for determination is: Did the coming of age or the marriage of the ward, *ipso facto,* work a removal or discharge of the guardian so as to put the statute of limitations in motion? The pertinent provisions of the Code of North Dakota upon the subject are as follows:

"Sec. 4139. The power of a guardian appointed by a court is suspended only: (1) By order of the court; or (2) if the appointment was made solely because of the ward's minority, by his attaining majority; or (3) the guardianship over the person of the ward, by the marriage of the ward."

"Sec. 4140. After the ward has come to his majority he may settle accounts with his guardian and give him a release, which is valid if obtained fairly and without undue influence."

"Sec. 4141. A guardian appointed by a court is not entitled to his discharge until one year after the ward's majority."

"Sec. 8067. An executor, administrator, or guardian may at any time present to the county court a petition praying that his account may be settled, and that a decree may thereupon be made revoking his letters and discharging him accordingly. The petitioner must set forth the facts upon which the application is founded; but the application shall not be entertained while a proceeding is pending for the removal of the executor, administrator, or guardian, or if in the opinion of the judge there is good cause for his removal or other sufficient cause for refusing to entertain the same."

"Sec. 8068. If the court entertains such application, a citation must issue to all parties interested in the estate. At the hearing any creditor or other person interested may allege cause for denying the application, or allege cause for his removal and pray relief accordingly. Upon a trial of the issue, if the court determines that sufficient cause exists for granting the application the petitioner must be allowed to account; and after he has fully accounted and paid over all money which is found to be due from him to the estate, and delivered over all books, papers, and other property of the estate in his hands as the court directs,

a decree shall be made, discharging him and revoking his letters, otherwise such decree shall be made as justice requires."

"Sec. 8242. Every guardian so appointed shall have the custody and care of the education of the minor, and the care and management of his estate until such minor arrives at the age of minority, or marries, or until the guardian is legally discharged."

"Sec. 8282. The marriage of a minor ward terminates the guardianship; and the guardian of an insane or other person may be discharged by the judge of the county court when it appears to him, on the application of the ward or otherwise, that the guardianship is no longer necessary."

"Sec. 8063. A petition alleging the facts, and praying for the removal of an executor, administrator, or guardian pursuant to the provisions of the preceding section, may be presented by a creditor or other person interested in the estate, and may contain a prayer for the appointment of a successor, and if the court deems the allegations sufficient, a citation shall issue to the executor, administrator, or guardian, and all other persons who, by the terms of a will or by law, are entitled to any portion of the estate."

"Sec. 8064. When the facts which authorize a removal come to the knowledge of the court, and no application is made as above provided, the court may make an order requiring the executor, administrator, or guardian to show cause why he should not be removed, upon which he shall be cited to appear; and at the hearing the court may revoke his letters as upon a petition, and upon the removal of any such executor, administrator, or guardian the court shall appoint a successor."

"Sec. 8284. No action can be maintained against the sureties on any bond given by a guardian, unless commenced within three years from the discharge or removal of the guardian; but if at the time of such discharge the person entitled to bring such action is under any legal disability to sue, the action may be commenced at any time within three years after such disability is removed."

"Sec. 8167. Before an action can be maintained on the bond of an executor whose letters have not been revoked, the party aggrieved must first obtain an order of the county court, authorizing him to bring the action; and before authority is given to bring an action upon the bond of a deceased executor or administrator whose account is unsettled, his

sureties must be cited and have an opportunity to apply for and obtain a settlement of such account."

"Sec. 8271. All proceedings under petitions of guardians for sales of property of their wards, giving notice and the hearing of such petitions, granting and refusing an order of sale, directing the sale to be made at public or private sale, reselling the same property, return of sale and application for confirmation thereof, notice and hearing of such application, making orders, rejecting or confirming sales and reports of sales, ordering and making conveyances of property sold, accounting and the settlement of accounts, must be had and made as provided and required by the provisions of law concerning the estates of decedents, unless otherwise specially provided in this chapter."

Sec. 6787 provides for a general six-years statute of limitations which would be applicable to an action brought by the ward after his majority, against the guardian, though not to an action brought against the sureties.

In speaking upon the subject the Cyclopedia of Law and Procedure (vol. 21, p. 248) says: "The statutes in a number of jurisdictions provide that no action shall be maintained against the sureties upon a guardian's bond, unless commenced within a designated period after his 'discharge.' The object of these statutes is to fix a time certain for the benefit of the sureties, so that they may know definitely when their obligations as sureties will terminate. These statutes, it has been held, are for the benefit of the sureties only, and not the principal, and the limitation therein provided enters into and forms a part of the surety's contract. These statutes apply, notwithstanding the discharge of the guardian before they go into effect, and they apply to sale bonds as well as to general guardianship bonds. Under these statutes the period of limitations does not date from the time when the right of action has accrued, but from the time of the 'discharge' of the guardian; and if no cause of action accrues within such time, by reason of failure to take the necessary steps to procure a settlement, the sureties are exonerated. While the decisions are not entirely harmonious, the weight of authority is that the word 'discharged,' as used in the statutes, means any mode by which the guardianship is effectually determined and brought to a close, either by removal, resignation, or death of the guardian, marriage of a female ward, or death or majority of the ward, and not from a final

26 N. D.—9.

settlement or any other period or transaction. There are, however, as already intimated, decisions under statutes of this character which are directly in conflict with the doctrine stated, and it has been held that limitations in actions against the guardian and his sureties on the bond do not commence to run from the date of the ward's death or majority, but only from his discharge by order of court. There is, however, no question that the statute commences to run from that period."

This quotation perhaps states the state of the law upon the subject correctly. An examination of the authorities, however, will disclose the fact that the majority rule is based upon the Massachusetts case of Loring v. Alline, 9 Cush. 68, which, though it construed a statute similar to § 8284, Rev. Codes 1905, and that now under discussion, construed such statute alone and unaccompanied by statutes similar to §§ 4139 and 4141, Rev. Codes 1905. In none of the states, also, which followed the Massachusetts case and the Massachusetts rule, with the exception of Montana in the case of § 4141, are there to be found similar statutes. An examination of the minority cases (Marlow v. Lacy, 68 Tex. 154, 2 S. W. 52; Allen v. Stovall, 94 Tex. 618, 63 S. W. 863, 64 S. W. 777; Fidelity & D. Co. v. Schelper, 37 Tex. Civ. App. 393, 83 S. W. 871; Cook v. Ceas, 143 Cal. 227, 77 Pac. 65, 147 Cal. 619, 82 Pac. 370) will, on the other hand, disclose that not only is an identical statute construed, but an identical statute which is part of a general Code, and is accompanied by statutes similar to the North Dakota statutes just enumerated. Many, if not all, of the so-called majority decisions, in short, construed the section standing alone, while the minority decisions construed it as a part of a Code, and not merely in its own light, but in the light of the general spirit and provisions of the Code of which it was merely a part. It is well, also, to remember that although § 8284, Rev. Codes 1905, perhaps originated in Massachusetts, and before it came to us was construed by the court of the state of its adoption, it was not taken by us from Massachusetts, but in 1877 from California and then as part of a completed Code. The other decisions which follow the Massachusetts rule were also not handed down prior to its adoption in this state. It was construed in Cook v. Ceas, 143 Cal. 227, 77 Pac. 65, and Cook v. Ceas, 147 Cal. 614, 82 Pac. 370, adversely to the Massachusetts decision and to the contention of respondents; and although that decision was subsequent to the adoption

of the statute in this state, it was a construction of the Code by the state from which we derived it, and of the section as part of a completed Code which we adopted as a whole. The only case, indeed, where the section is construed under a Code similar to ours, and in any way which may seem adverse to the contention of appellants, is in the Montana case of Berkin v. Marsh, 18 Mont. 152, 56 Am. St. Rep. 565, 44 Pac. 528. Even that case is not in fact adverse to the contention of appellants. There the ward was dead, and the court merely held that, on account of the fact of the lack of a subject-matter, that is to say, of a ward, there could be no guardian of the person at all, so that it was no use to talk either of a suspension or of a discharge. So, too, the statute (§ 3791) says that "the power of a guardian is *superseded* by the ward's attaining majority" while ours merely says that it is *suspended* (§ 4139). Sec. 4139, Rev. Codes 1905, provides that the power of a guardian appointed by a court is suspended only (1) by order of the court; or (2) if the appointment was made solely because of the ward's minority, by his attaining majority. Sec. 4141 provides: "A guardian appointed by a court is not entitled to his discharge until one year after the ward's majority." It seems quite clear from a perusal of these sections that the legislature intended that, upon the arrival of the ward at his majority, the control of the guardian over him should as between the guardian and the ward be suspended, but there should be no actual discharge without a formal order of the court and a determination by that court that the ward had in fact reached such majority, and that even that discharge could not be obtained as a matter of right until a year after majority. The pros and cons of the case are thoroughly argued in the cases of Goble v. Simeral, 67 Neb. 276, 93 N. W. 235, and Cook v. Ceas, 143 Cal. 227, 77 Pac. 65, 147 Cal. 619, 82 Pac. 370, and it would be useless for us to repeat the discussion here. The legislature, we believe, was in § 8284 dealing with the same kind of discharge that it had elsewhere made provision for in the Code; that is to say, a discharge by the court, one which was of record and could be read and understood, and which would disclose to the world the fact of its making. See §§ 8063, 8064, 8067, 8068, 8242, 4141, 4140, Rev. Codes 1905. The primary meaning of the word "discharge" certainly embraces the affirmative action of someone. The statute does not say "from the expiration or lapse of the guardianship," but uses the words,

"from the discharge or removal of the guardian." It would certainly seem that affirmative action on the part of the court was anticipated. Another reason for holding to this conclusion is that under the authorities, and probably under §§ 8167 and 8271, Rev. Codes 1905, no action can be maintained against the sureties prior to an adjudication by the probate court finding a liability. See Nickals v. Stanley, 146 Cal. 724, 81 Pac. 117; Kugler v. Prien, 62 Wis. 248, 22 N. W. 396; Re McPhee, 10 Cal. App. 162, 101 Pac. 530; Ball v. LaClair, 17 Neb. 39, 22 N. W. 118; Fidelity & D. Co. v. Schelper, 37 Tex. Civ. App. 393, 83 S. W. 871; Newton v. Hammond, 38 Ohio St. 430; McKim v. Mann, 141 Mass. 507, 6 N. E. 740; Perkins v. Stimmel, 114 N. Y. 359, 11 Am. St. Rep. 659, 21 N. E. 729; Loring v. Alline, 9 Cush. 68.

The judgment of the District Court is reversed and the cause remanded, with directions to enter judgment for the plaintiff and appellant as prayed for in this complaint.

## On Petition for Rehearing.

BRUCE, J. In the petition for rehearing in this case, stress is laid upon the fact, which was not considered in our former opinion, that the ward came of age in June, 1903, and that no steps were taken to recover her estate from her guardian until January, 1910. The finding of the trial court was that "during such time the ward was prevented from such steps by frequent promises on the part of her guardian, though there is no evidence that this fact was communicated to the sureties." Counsel for Mr. Goldammer (the defendant and respondent) contend that even if the three-year statute of limitations did not begin to run until the formal discharge of the guardian, that the general six-year statute of limitations on the original demand had run both as against the principal and as against the sureties. In support of this proposition he cites us to the following sections of the Code: Sec. 6770. "Civil actions can only be commenced within the periods prescribed in this Code after the cause of action shall have accrued, except when in special cases a different limitation is prescribed by statute." Sec. 6785. "The following actions must be commenced within the periods set forth in the following five sections after the cause of action has accrued." Sec. 6787. "Within six years. (1) An action upon a contract, obligation, or lia-

bility, express or implied, excepting those mentioned in § 6186." Sec. 4140. "After the ward has come to his majority he may settle accounts with his guardian and give him a release, which is valid if obtained fairly and without undue influence."

We think that counsel is in error in his contention. The six-year statute of limitations only begins to run after "a cause of action has accrued." We are quite satisfied that in the case before us, a cause of action had not accrued, either as against the principal or his sureties, until there had been a "settlement of the guardian's account in the probate court, and the amount due from him to the ward had been established and ascertained." Cook v. Ceas, 143 Cal. 221, 234, 77 Pac. 65; Cook v. Ceas, 147 Cal. 614, 82 Pac. 370. "A cause of action implies a right to begin an action and someone who has a right to sue and someone who may be lawfully sued." Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384, 387. It involves both a subject of action and a person who is able and permitted to assert it. The ward had no such capacity or permission until an accounting had been had or required. Nickals v. Stanley, 146 Cal. 724, 81 Pac. 117; Kugler v. Prien, 62 Wis. 248, 22 N. W. 396; Re McPhee, 10 Cal. App. 162, 101 Pac. 530; Ball v. LaClair, 17 Neb. 39, 22 N. W. 118; Cook v. Ceas, 143 Cal. 221, 77 Pac. 65; Cook v. Ceas, 147 Cal. 614, 82 Pac. 370; Fidelity & D. Co. v. Schelper, 37 Tex. Civ. App. 393, 83 S. W. 871; Newton v. Hammond, 38 Ohio St. 430; Loring v. Alline, 9 Cush. 68; McKim v. Mann, 141 Mass. 507, 6 N. E. 740; Perkins v. Stimmel, 114 N. Y. 359, 11 Am. St. Rep. 659, 21 N. E. 729. It is true that when the ward came of age she could have settled with her guardian and have given him a release. Section 4140, Rev. Codes 1905. But it by no means follows that she could have then sued, or that she then had a cause of action against him.

So, too, we find in the North Dakota Code a clear and explicit statute of limitations in so far as sureties on guardians' bonds are concerned. It is to the effect (§ 8284), "no action can be maintained against the sureties on any bond given by a guardian, unless commenced within three years from the discharge or removal of the guardian; but if at the time of his discharge the person entitled to bring such action is under any legal disability to sue, the action may be commenced at any time within three years after such disability is removed." This statute

is clear and explicit. Sec. 6770, Rev. Codes 1905, provides: "Civil actions can only be commenced within the periods prescribed in this Code after the cause of action shall have accrued, except when in special cases a different limitation is prescribed by statute."

In § 8284 we have a special limitation in regard to the sureties on guardian's bonds, and the provisions of § 6787 of the particular Code of Civil Procedure of which § 6770 is a part is clearly not applicable; § 8284 being a part of the statutes and a statute, but not a part of chapter 4 of the Code of Civil Procedure to which §§ 6770 and 6787 belong. We are, therefore, of the opinion that whether the 6-year statute would have run against an action if brought directly by the ward against her guardian is entirely immaterial, and need not be considered in this case.

There can be no hardship to the sureties in such a rule. It was the duty of the guardian to make a satisfactory accounting upon the coming of age of the ward. The bond was given to secure the faithful performance of this duty. It would be a strange doctrine that would permit the surety to complain that the running of the statute of limitations had been prevented by a delay in the filing of a formal accounting, the filing of which his bond was, among other things, given to secure. The sureties, indeed, had an equal right with the ward to institute proceedings for an accounting. The guardian's duty to render an accounting was, in a large measure, their own. Cook v. Ceas, 147 Cal. 614, 620, 82 Pac. 370. In order, indeed, that a remedy may become barred "because of laches, there must appear, in addition to mere lapse of time, some circumstances from which the defendant or some other person may be prejudiced, or there must be such lapse of time that it may be reasonably supposed that such prejudice will occur if the remedy is allowed." Cahill v. Superior Ct. 145 Cal. 47, 78 Pac. 467; Cook v. Ceas, supra. There is no prejudice in this case for which sureties are not in law themselves responsible, and for which they can complain.

The petition for rehearing is denied.